Carl D. SWEET, Personal Representative of the Estate of Edward Joseph Sweet, Deceased, Plaintiff–Appellant, Cross–Appellee,

v.

CONSOLIDATED ALUMINUM CORPO-RATION and Manufacturers Hanover Trust Company, Defendants–Appellees, Cross–Appellants.

Nos. 88–1517, 88–1518.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 18, 1989.

Decided Aug. 14, 1990.

Randy S. Hyrns, argued, Globensky, Gleiss & Bittner, St. Joseph, Mich., for plaintiff-appellant cross-appellee.

Joel M. Boyden, Stephen S. Muhich, argued, Marilyn S. Nickell, Dykema, Gossett, Spencer, Goodnow & Trigg, Grand Rapids, Mich., Barry A. Short, Joseph Weyrich, Lewis & Rice, St. Louis, Mo., for defendants-appellees cross-appellants.

Before NELSON and RYAN, Circuit Judges, and MEREDITH, District Judge.[*]

MEREDITH, District Judge.

This appeal raises two issues regarding attorney fees and costs and whether the plaintiff-appellant is entitled to pre-judgment interest on pension benefits from the date of the appointment of the special administrator.

The appeal stems from a claim for pension benefits made by the plaintiff-appellant, Carl D. Sweet, Personal Representative of the Estate of Edward Joseph Sweet.

Edward Joseph Sweet, deceased, was a former employee of Miller Industries. Defendant, Consolidated Aluminum Corporation, is the successor to Miller Industries. Manufacturers Hanover Trust is the Trustee of the pension plan in which the decedent had a vested interest through his employment. Edward Joseph Sweet retired from Consolidated in 1973 and elected payment of his retirement allowances as a lifetime payment with a ten year guarantee. Under this election, Mr. Sweet was to receive monthly installment payments of $208.28 commencing on April 1, 1973 with a guaranteed ten year payment period. Mr. Sweet collected his monthly retirement pension benefits through September 1, 1975, at which time payments ceased to be made by Manufacturers Hanover.

Edward Joseph Sweet disappeared on or about May 12, 1975. The facts surrounding his disappearance were submitted by affidavit of Carl Sweet to Probate Court for the County of Berrien in File No. 27505(L). On November 10, 1975, Carl Sweet was appointed Special Administrator of the Estate of Edward Joseph Sweet. (Carl Sweet, son of Edward J. Sweet, was named beneficiary under the pension plan.) Under the terms of the Probate order, the Special Administrator "shall collect and take charge of the Estate of Edward Joseph Sweet until the fact of death or survival of Mr. Sweet can be satisfactorily established."

After notification by plaintiff's attorney of the probate order, by letter dated November 26, 1975, C.O. Griffin, Treasurer of Miller Industries, informed counsel for plaintiff that the Trustee, Manufacturers Hanover, was holding the pension checks until a determination could be made as to Mr. Sweet's whereabouts. A second request was made by plaintiff's attorney by letter sent December 19, 1975, but no pension checks were received.

After plaintiff petitioned the Probate Court, an Order was entered January 18, 1984, finding that Edward Joseph Sweet's date of death was determined to be May 11, 1982. On May 14, 1984, a complaint was filed in the United States District Court, Western District of Michigan, for pension benefits, interest, costs and attorney fees. On or about December 17, 1985, the parties agreed that $19,578.32, the payment representing 94 months of $208.28 per month, was due and owing. These monies were paid by the defendant to the plaintiff.

[*] Honorable Ronald E. Meredith, United States District Court, Western District of Kentucky, sitting by designation.

The District Court rendered an opinion and judgment on March 18, 1988, awarding pre-judgment interest, calculated pursuant to 28 U.S.C. § 1961(a), from the date the complaint was filed until the settlement money was paid. (R. 28, Opinion at 6; R. 29, Judgment.) The District Court declined, however, to award plaintiff costs and attorney fees. (R. 28, Opinion at 7; R. 29 Judgment.) It is from this Opinion and Judgment that the plaintiff appeals.

Defendant Consolidated Aluminum Corporation additionally filed a cross-appeal based upon the District Court's denial on November 7, 1984 of Consolidated's motion to dismiss for plaintiff's failure to state a claim. This issue on cross-appeal will likewise be discussed, infra.

Plaintiff-appellant urges that the District Court erred in denying pre-judgment interest on the pension benefits from the date of the appointment of the Special Administrator, November 10, 1975. As stated, supra, the District Court allowed pre-judgment interest from the date the complaint was filed, May 14, 1984. The plaintiff-appellant, under the auspices of *Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988 (6th Cir.1982) and *Gavie v. Stroh Brewery Company*, 668 F.Supp. 608 (E.D. Mich.1987), insists that the pre-judgment interest award should begin on the date of appointment of the Special Administrator, November 10, 1975. *Bricklayers' Pension, supra*, recognizes the ability of the court to grant pre-judgment interest. *Gavie, supra*, found an entitlement to pre-judgment interest was due the plaintiffs "only if they had an unqualified right to immediate receipt of the funds." *Gavie*, 668 F.Supp. at 614. Another case cited as authority by the plaintiff-appellant, *Short v. Central States, Southeast and Southwest Areas Pension Fund*, 729 F.2d 567 (8th Cir.1984), holds that interest is due from the date on which the beneficiary is "entitled" to the funds.

■ The plaintiff-appellant relies on the language of the Berrien County Probate Court Order dated November 10, 1975, which states the duty of the Special Administrator, Carl D. Sweet. The Probate Court

therein stated that the Special Administrator "[s]hall collect and take charge of the Estate of Edward Joseph Sweet until the fact of death or survival of Edward Joseph Sweet can be satisfactorily established." (R. 28, Opinion at 2). This Court agrees with the plaintiff-appellant that he had an unqualified right to the receipt of Edward Joseph Sweet's monthly pension payments beginning from the day the Berrien County Probate Court specified its Order as recited, *supra*. That Order appointed Carl D. Sweet, named beneficiary and son of Edward Joseph Sweet, Special Administrator of the Estate. As such, the Special Administrator was "entitled" to the pension funds. The Special Administrator stood at that instant in a fiduciary position as to the Estate of Edward Joseph Sweet. By that same order, Manufacturers Hanover was obligated to proceed making payments to said Special Administrator.

■ The plaintiff-appellant is correct in its contention that ERISA requires that a retirement plan be operated for the exclusive benefit of the employees and beneficiaries. The defendant-appellee contends that the Trustee, Manufacturers Hanover, did not benefit from the withholding of the funds until December of 1985. This Court respectfully disagrees. Even assuming arguendo that the Trustee was acting prudently in withholding the pension funds until December of 1985, it cannot be said that this did not confer a benefit on the trustee. Any additional time one gains, rightfully or wrongfully, in not having to submit payment of a sum of money owed another is without doubt a benefit. Moreover, the payee, plaintiff-appellant herein, has been deprived of the benefit of those payments. As was stated in *Short, supra*, 729 F.2d at 576, "To allow the Fund to retain the interest it earned on funds wrongfully withheld from a beneficiary would be to approve of an unjust enrichment. Further, the relief granted would fall short of making the beneficiary whole because he has been denied the use of money which was his."

■ The District Court correctly concluded that the plaintiff, Carl Sweet, was

entitled to an award of pre-judgment interest. However, its limitation to interest from the date of filing this lawsuit in the District Court was an abuse of discretion. The District Court reasoned that the date of the filing of the lawsuit was the proper date by virtue of the fact that after the Berrien County Probate Court determined that the legal date of the decedent's death was to be May 11, 1982, no request for Edward Sweet's pension benefits was made until this suit was filed. The District Court stated in its Opinion, at page 8, in acquiescence to the defendant's contention, as follows:

"Defendants note that although decedent's death was declared by the Probate Court to be May 11, 1982, no notice of the declaration or request for payment was made prior to filing of this action. In addition, while there is evidence to establish that Carl Sweet was appointed Special Administrator and that notice of the appointment was given to the Miller Industries, there is no evidence that the trustee, Manufacturer's Hanover, ever received said notice."

There are undisputed facts in the record however which indicate that Manufacturers Hanover did have prior notice. On November 26, 1975, the plaintiff's attorney wrote to the personnel director of Miller Industries inquiring what arrangements had to be made by Carl Sweet so that the pension monies could be paid to him for accumulation as part of the estate. A second letter was sent by plaintiff's attorney on December 19, 1975, again requesting receipt of the pension benefits. In response to the letter of November 26, 1975, C.O. Griffin, Treasurer of Miller Industries, on December 12, 1975, informed plaintiff's attorney that the Trustee, Manufacturer's Hanover, was holding the pension checks until a determination could be made as to Edward Sweet's whereabouts. (R. 28, Opinion at 3.) Thus, by the transmission of the letters of November 26, 1975 and December 19, 1975, it is certainly clear that requests were made for the pension benefits. Moreover, as C.O. Griffin informed plaintiff's attorney that the Trustee was holding the pension checks until a determination could

be made, it can easily be inferred that Manufacturer's Hanover had knowledge of such notice for request merely by virtue of the relationship between Miller Industries and Manufacturer's Hanover.

■ Plaintiff-appellant contends that he is entitled to an award of attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1). The award of attorney fees under the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") lies in the discretion of the trial court by statute. (29 U.S.C. § 1132(g)(1).) Thus, this Court can reverse a decision of the trial court only upon a showing of an abuse of discretion, which will not be found unless the record clearly supports such a conclusion. *Short, supra,* 729 F.2d at 576.

The Sixth Circuit has established the criteria for the Court to consider in the awarding of attorney fees and costs under ERISA. *Central States Pension Fund v. 888 Corporation,* 813 F.2d 760 (6th Cir. 1987) has established the following criteria to be considered:

(1) The degree of the opposing party's culpability or bad faith;

(2) The ability of the opposing party to satisfy an award of attorney's fees;

(3) Whether an award of fees against the opposing party would deter others from acting in similar circumstances;

(4) Whether the party requesting fees sought to benefit all participants and beneficiaries of a multi-employer plan or to resolve a significant legal question; and

(5) The relative merits of the parties' position.

*Central States, supra,* 813 F.2d at 767.

The defendant-appellee contends that this Court should not even reach this issue by the fact that the plaintiff-appellant articulated in its pre-trial stipulation of facts that the only issue on appeal is that of pre-judgment interest. The plaintiff-appellant stated in its stipulation of facts that "The only remaining legal issue before the court is whether plaintiff, individually, and as the personal representative of the Estate of Edward Sweet, is entitled to any

interest and if so, the amount of interest." (R. 24, Stipulation of Facts, ¶ 11.)

■ Even if this Court were to find that the issue of attorney fees and costs was properly preserved for appeal, it is obvious that the guidelines of *Central States, supra,* 813 F.2d at 767 have not been fulfilled sufficiently to grant an award of attorney fees and costs. Plaintiff-appellant has not presented persuasive argument that the trial judge has in any way abused his discretion in regard to this issue. Thus, the trial court's denial of attorney fees and costs was appropriate.

■ Also at issue in this appeal is whether the District Court erred in denying defendant/cross-appellant's (Consolidated Aluminum Corporation) motion to dismiss based upon the plaintiff's failure to state a claim upon which relief can be granted. This Court is of the same opinion as the District Court and affirms that Court's denial of the defendant's motion. It is clear that, because of the relationship between Consolidated and Manufacturer's Hanover, in addition to the letter of January 16, 1976, wherein Consolidated directed the Trustee not to pay over the pension funds pending a final determination (Appellant's Reply Brief at p. 7), that Consolidated had some control in the decision to pay the benefit, and as such was a proper party.

It is this Court's opinion that the plaintiff-appellant, Carl Sweet, is entitled to pre-judgment interest from the date of his appointment as Special Administrator, November 10, 1975.

Accordingly, the judgment of the District Court regarding pre-judgment interest is REVERSED and will be REMANDED for a determination of the amount of pre-judgment interest owing to the plaintiff-appellant, Carl Sweet, for the period commencing November 10, 1975 and ending on the date of payment, December 17, 1985.

We hereby AFFIRM the District Court on its denial of an award of attorney fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

We hereby further AFFIRM the District Court in denying the defendant's, Consolidated Aluminum Corporation, motion to dismiss.

RYAN, Circuit Judge, concurring in part; dissenting in part.

The court's opinion holds, in part, that the district court abused its discretion in awarding prejudgment interest only from May 14, 1984, the date the plaintiff's lawsuit was filed, rather than from November 10, 1975, the date of the state probate court order directing the Administrator to take charge of the assets of the estate of Edward Joseph Sweet. I must respectfully dissent from that portion of the court's opinion because it seems evident to me that the district court's decision to award prejudgment interest from May 14, 1984 was not an abuse of discretion.

The district court's reason for awarding the prejudgment interest only from the date the lawsuit was filed was clearly stated in the court's opinion:

> Defendants note that although decedent's death was declared by the Probate Court to be May 11, 1982, no notice of the declaration or request for payment was made prior to filing of this action. In addition, while there is evidence to establish that Carl Sweet was appointed Special Administrator and that notice of the appointment was given to the Miller Industries, *there is no evidence that the trustee, Manufacturer's Hanover, ever received said notice.*

(Emphasis added.)

Presumably, the district court's explicit finding that "there is no evidence that the trustee, Manufacturer's Hanover, ever received said notice" is a finding of fact reversible on a clearly erroneous standard. However, the court, without any deference whatever to the district court's crucial finding of fact, to say nothing of assessing it upon a clearly erroneous standard, simply disagrees with the district court and, itself, finds that "[t]here are undisputed facts" indicating that the trustee, Manufacturer's Hanover, had notice of the plaintiff's request that the payments be continued. Those "undisputed facts," according to the court's opinion, consist of letters written by

the plaintiff's attorney to the personnel director of Miller Industries on November 26, 1975 and December 17, 1975 requesting payment of the pension benefits, and a letter to the treasurer of Miller Industries from the plaintiff's attorney on December 12, 1975 stating that the trustee, Manufacturer's Hanover, was holding the pension checks. From that evidence, the court's opinion concludes that "it can easily be inferred" that Manufacturer's Hanover had knowledge of the request made of Miller Industries by the plaintiff's attorney.

It is not suggested in the court's opinion why, or how, that conclusion "can easily be inferred." No evidence is cited suggesting that there was any communication between Miller Industries and Manufacturer's Hanover on the subject, or that Manufacturer's Hanover was sent copies of the correspondence sent by plaintiff's attorney to Miller Industries. The inference that Manufacturer's Hanover must have had knowledge of the communications from plaintiff's attorney to Miller Industries is said to exist "merely by virtue of the relationship between Miller Industries and Manufacturer's Hanover."

There is no suggestion in the court's opinion that there exists any rule of law by which Manufacturer's Hanover would be chargeable with knowledge of communications sent to Miller Industries.

Quite aside from the absence of authority in this court to make findings of fact contrary to those of the trial court, in my judgment there is no basis whatever for making the inference of knowledge that is made in the court's opinion. But even if there were some basis to draw such an inference, it is certainly indisputable that the opposite inference—that Manufacturer's Hanover acquired no knowledge of the letters written by plaintiff's counsel—is equally warranted. Indeed, there is direct evidence in the record that Manufacturer's Hanover had no knowledge of the request addressed to Miller Industries and, as I have stated, there is no evidence going the other way.

Since, even if there were a basis to justify the inference the court has drawn, there is at least an equally compelling basis for the opposite inference, it is incorrect, in my judgment, to conclude that the district court *abused its discretion* in selecting one of two equally justifiable inferences.

I would affirm the judgment of the district court with respect to its award of prejudgment interest from May 14, 1982. I concur, however, in the balance of the court's opinion.