**LeRoy M. GILL, Plaintiff–Appellant,**

v.

**MOCO THERMAL INDUSTRIES, INCORPORATED; Ronald L. Konczalski, Defendants–Appellees.**

No. 92–1261.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 8, 1992.

Oct. 14, 1992.*

Order on Denial of Rehearing Dec. 15, 1992.

* This order was originally issued as an "unpublished order" filed on October 14, 1992. On December 10, 1992, the court designated the order as one recommended for full-text publication.

Gregory H. Kinney (briefed), Troy, MI, for plaintiff-appellant.

Stephen I. Greenhalgh, Mark K. Wilson, Hill, Lewis, Adams, Goodrich & Tait, Detroit, MI, Timothy W. Hefferon (briefed), Hill, Lewis, Adams, Goodrich & Tait, Birmingham, MI, for defendants-appellees.

Before: GUY and BATCHELDER, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

## ORDER

LeRoy M. Gill appeals the judgment for defendants following a bench trial in this ERISA action in which he sought continued retiree health insurance benefits. Both parties to this appeal have waived oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

Plaintiff filed his complaint in the district court alleging that his former employer, defendant Moco Thermal Industries (MOCO) intended to discontinue health insurance benefits for himself and other MOCO retirees in violation of its fiduciary duties under ERISA. The district court issued a preliminary injunction, which this court affirmed on appeal. *Gill v. Konczalski*, 951 F.2d 349 (6th Cir.1991). Thereafter, the action proceeded to a bench trial, after which the district court made oral findings of fact and conclusions of law and entered judgment for defendants. A panel of this court denied plaintiff's motion for injunctive relief pending this appeal. *Gill*

*v. Moco Thermal Indus.*, No. 92–1261 (6th Cir. March 23, 1992) (order).

Generally, ERISA distinguishes between employee pension plans and employee welfare plans. *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1297 (6th Cir. 1991). Health insurance plans are employee welfare plans, for which there is no vesting requirement under ERISA. *Armistead*, 944 F.2d at 1297; *Musto v. American ·Gen. Corp.*, 861 F.2d 897, 912 (6th Cir.1988), *cert. denied*, 490 U.S. 1020, 109 S.Ct. 1745, 104 L.Ed.2d 182 (1989). However, the parties may agree to or contract for vesting of welfare plan rights. *International Resources, Inc. v. New York Life Ins. Co.*, 950 F.2d 294, 301 (6th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 2941, 119 L.Ed.2d 565 (1992); *In re White Farm Equip. Co.*, 788 F.2d 1186, 1193 (6th Cir. 1986). Essentially, the court must look to the intent of the ·parties and apply federal common law of contracts to determine whether welfare plan benefits have vested. *Armistead*, 944 F.2d at 1297–98. Initially, the court must look to the language of the "written instrument" establishing the welfare benefit plan required by ERISA, which we agree is the health insurance policy itself in this case, to determine plaintiff's rights. *See Musto*, 861 F.2d at 900–01.

Upon review, we conclude that the district court correctly noted that the insurance policy unambiguously provides that the plan may be terminated by MOCO upon 30 days· written notice. Although plaintiff argues that he may invoke the doctrine of equitable estoppel to establish a right to continued insurance benefits, *see Armistead*, 944 F.2d at 1298–1300, there is simply no factual basis for the application of estoppel in this case.

Moreover, we conclude that the district court did not abuse its discretion in declining to award statutory damages under 29 U.S.C. § 1132(c)(1)(B). *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 116, 109 S.Ct. 948, 957, 103 L.Ed.2d 80 (1989). MOCO is exempted from ERISA reporting requirements. *See* 29 C.F.R. § 2520.104–20(a) and (b). Therefore, plaintiff is not entitled to damages.

Nor did the district court abuse its discretion in declining to award attorney's fees to plaintiff merely because plaintiff successfully defended a grant of preliminary injunctive relief on an earlier appeal. *See Sweet v. Consolidated Aluminum Corp.*, 913 F.2d 268, 271–72 (6th Cir.1990). Finally, plaintiff's contention that the district court erred in dismissing the individual defendant (now former) president of MOCO from the lawsuit during trial is without merit given our conclusion that plaintiff has shown no ERISA violation in the first instance. Thus, the district court's error, if any, was harmless.

Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.

## ORDER ON REHEARING

### Dec. 15, 1992.

Appellant petitions for a rehearing of this court's October 14, 1992, order which affirmed the judgment for appellees in this ERISA action.

After careful consideration, the panel concludes that it acted under no misapprehension of law or fact in issuing its order. Fed.R.App.P. 40(a). There is no factual basis for application of estoppel in this case. Moreover, the district court did not abuse its discretion in declining to award statutory damages for any technical failure to comport with ERISA's reporting requirements.

Accordingly, the petition for rehearing is denied.