■ MICHAEL N. RICH, JR., et al., Appellants, v COOPERVISION, INC., et al., Respondents. [604 NYS2d 429] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly dismissed the second and third causes of action of the amended complaint. The second cause of action alleges that plaintiff Michael N. Rich, Jr., was terminated from his employment with defendant CooperVision in violation of the terms of CooperVision's employee handbook. Plaintiffs contend that the handbook amounts to a contractual agreement that employees will be terminated only for those reasons set forth in the manual. The handbook, however, expressly provides

that the listed grounds for discharge or discipline are mere "guidelines"; that "the company reserves the right to exercise its judgment in applying discipline depending on each particular situation"; and that continued employment with the company is dependent upon numerous factors, including the continued availability of a position commensurate with the employee's experience and the economic health of the company. Under the circumstances, the employee handbook did not amount to a contractual limitation upon the employer's freedom to discharge an at-will employee *(see, Stanton v Highland Hosp.,* 197 AD2d 854; *Backus v Planned Parenthood,* 161 AD2d 1116; *cf., Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 465-466).

The third cause of action seeks damages for personal injuries and loss of health insurance benefits allegedly suffered by Carol J. Rich as a result of her husband's wrongful termination. The spouse of a victim of alleged age discrimination has no cause of action for a violation of New York's Human Rights Law (Executive Law art 15; *see, Belanoff v Grayson,* 98 AD2d 353, 358; *Weinstein v Hospital for Joint Diseases & Med. Ctr.,* 53 AD2d 627). Moreover, because CooperVision's right to discharge Michael Rich was not limited by contract, Carol Rich has no cause of action as an alleged third-party beneficiary.

Because it is uncontroverted that Thomas Bender was not employed by CooperVision at the time the decision was made to terminate Michael Rich's employment, the court properly dismissed the four causes of action of the amended complaint asserted against that individual defendant *(see, Patrowich v Chemical Bank,* 63 NY2d 541, 542). We note, however, that Bender remains a defendant with respect to the cause of action alleging breach of a subsequent consulting agreement, the court having granted plaintiffs' cross motion for leave to assert that additional cause of action.

Supreme Court also properly denied plaintiffs' cross motion for leave to amend further the amended complaint to add a tort cause of action for age discrimination. Tort causes of action alleging intentional infliction of emotional distress or prima facie tort "cannot be allowed in circumvention of the unavailability of a tort claim for wrongful discharge or the contract rule against liability for discharge of an at-will employee" *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304; *see also, D'Avino v Trachtenburg,* 149 AD2d 401, 403, *lv denied* 74 NY2d 611; *Monsanto v Electronic Data Sys. Corp.,*

141 AD2d 514, 517; *O'Donnell v Westchester Community Serv. Council*, 96 AD2d 885).

We nevertheless modify the order to grant that portion of plaintiffs' cross motion seeking leave to amend paragraph 62 of the amended complaint, paragraph 89 (except for the reference to "A. Thomas Bender", which must be deleted) and proposed additional paragraph 22-(b) (which should be renumbered 22-[a]) provided that a further amended pleading incorporating that modification be served upon defendants within 20 days of entry of the order of this Court. Mindful that leave to amend should be freely granted (CPLR 3025 [b]), we perceive no basis for Supreme Court's failure to grant that portion of plaintiffs' cross motion. (Appeal from Order of Supreme Court, Monroe County, Rosenbloom, J.—Dismiss Causes of Action.) Present—Callahan, J. P., Pine, Balio, Doerr and Boomer, JJ.