62 F.3d 1417
 Pens. Plan Guide P 23917B
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Delmer DAGUE, Joe Stewart, John Perfilio, James Plant,
Stanley Lawrence, on behalf of themselves and all
others similarly situated, Plaintiffs-Appellants,
v.
GENCORP., INC. Defendant-Appellee,
 No. 93-4070.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1995.
 
 Before: KEITH and BATCHELDER, Circuit Judges; and DUGGAN, District Judge.*
 PER CURIAM.
 
 
 1
 In this matter arising under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1001-1461, the district court granted summary judgment to GenCorp, Inc. (GenCorp) because the court found an unambiguous reservation of defendant's right to modify salaried retirees' medical benefits under the benefits plan. See Dague v. GenCorp, Inc., 875 F.Supp. 424, 430 (N.D.Ohio 1993).
 
 I.
 
 2
 Plaintiffs, who were long-service GenCorp employees, appeal and maintain that the district court erred in concluding that an insurance policy and certificates issued thereunder are the controlling plan documents under ERISA and that these documents unambiguously permitted reduction of plaintiffs' retiree insurance benefits.
 
 
 3
 Plaintiffs retired from GenCorp between 1977 and 1986. When they retired, plaintiffs accepted the GenCorp Group Insurance Plan for Retired Employees which provided medical insurance. In 1991, GenCorp modified the plan. Plaintiffs assert that GenCorp reduced the insurance benefits for retirees with the modification by increasing deductibles, reducing the amount of coverage, decreasing prescription drug coverage and changing the manner in which retiree coverage was coordinated with Medicare.
 
 
 4
 From 1959 to December 1982, GenCorp's medical benefits were insured under three Equitable policies. The three policies covering this period contained identical language unambiguously reserving GenCorp's right to modify benefits:
 
 
 5
 On any premium due date the Policyholder [GenCorp] may terminate this policy, or, subject to the [Equitable Life Assurance] Society's approval, may modify, amend or change the provisions, terms and conditions of this policy.... The consent of any employee or of any other person referred to in this policy shall not be required to effect such termination or any modification, amendment or change of this policy.
 
 
 6
 In late 1984, GenCorp modified the medical benefits plan effective January 1, 1985. Rather than reprint the entire summary plan description (SPD), in accordance with ERISA, a summary of material modifications (SMM) was sent to employees. Plaintiffs Dague and Plant were still active employees in late 1984, and were provided a SMM entitled "Your Benefits are Valuable, Salaried Employees Benefit Program." It did not contain a written promise never to change or reduce benefits. It contained unambiguous reservation language, which provided that:
 
 
 7
 [w]hile the Company expects to continue to provide quality benefit programs such as these for its employees, it also reserves the right to amend, modify or terminate any of these programs as it considers necessary.
 
 
 8
 The other plaintiffs, Stewart, Perfilio and Lawrence, had retired by late 1984. They were sent a separate SMM brochure, "To All GenCorp Salaried Retirees," summarizing the changes to retiree medical benefits effective January 1, 1985. The SMM sent to the retired employees contained the same reservation language. The 1985 SPD is a three-ring notebook entitled the "GenCorp Retiree Handbook." It also contains reservation language similar to the language set forth in the SMM.
 
 II.
 
 9
 This Court reviews a grant of summary judgment by the district court under a de novo standard or review. Flacche v. Sun Life Assurance Co. of Canada, 958 F.2d 730, 733 (6th Cir.1992).
 
 
 10
 Unlike pension benefits, retiree health benefits are welfare benefits and as such are not subject to an ERISA vesting standard. This Court has previously noted that "[a]lthough Congress considered imposing vesting requirements on welfare benefits, it decided to limit vesting to pension plans in order to keep costs within reasonable limits." Adams v. Avondale Indus., Inc., 905 F.2d 943 (6th Cir.), cert. denied, 498 U.S. 984, 111 S.Ct. 517 (1990).
 
 
 11
 Given that a vesting requirement does not exist under ERISA for a welfare benefits plan, the language of the plan's "written instrument" determines whether the benefits are vested. In re White Farm Equip. Co., 788 F.2d 1186, 1193 (6th Cir.1986). Thus, the parties may agree to or contract for vesting of welfare plan rights. Gill v. Moco Thermal Indus., Inc., 981 F.2d 858, 860 (6th Cir.1992)
 
 This Court in Gill explained that:
 
 12
 [e]ssentially, the court must look to the intent of the parties and apply federal common law of contracts to determine whether welfare plan benefits have vested. Initially, the court must look to the language of the "written instrument" establishing the welfare benefit plan required by ERISA, which we agree is the health insurance policy itself in this case, to determine plaintiff's rights.
 
 
 13
 Id. (citing Musto v. American Gen. Corp., 861 F.2d 897, 900-01 (6th Cir.1988), cert. denied, 490 U.S. 1020, 109 S.Ct. 1745 (1989)).
 
 
 14
 The ultimate issue to be decided is whether the controlling written plan documents contain an unambiguous reservation of rights to modify or terminate the benefit plan. Boyer v. Douglas Components Corp., 986 F.2d 999, 1004-05 (6th Cir.1993). Plaintiffs suggest that the controlling documents are the 1979 and 1982 SPDs, because they are the "most detailed documents describing the retiree insurance plan in effect at the time plaintiffs retired...."
 
 
 15
 Based upon review of all the plan "documents," including the booklets and SPDs, the Court does not find that the district court erred in concluding that the controlling documents were the policies and certificates. The 1979 and 1982 SPDs referred to the certificates and policies in effect, which in turn provided for the termination, modification or amendment of the plan. The district court was properly guided by this Court's previous decisions in Boyer and Musto. The right to amend language in the plan documents unambiguously reserves GenCorp's right to modify the plan. See, e.g., Musto, 861 F.2d at 901-05.
 
 
 16
 The Court also rejects plaintiffs' argument that the amendment was ineffective. Such argument is primarily based on Schoonejongen v. Curtiss-Wright, 18 F.3d 1034 (3d Cir.1994), which has since been reversed by the Supreme Court in Curtiss-Wright Corp. v. Schoonejongen, --- U.S. ----, 115 S.Ct. 1223 (1995). Based in part on the Supreme Court's analysis as well as this Court's previous decisions regarding effective amendment or termination language, the Court finds that GenCorp effectively reserved the right to amend its plan in this case, and amended it in accordance with the plan's provisions. See generally Curtiss-Wright, 115 S.Ct. at 1230. The Court rejects plaintiffs' equitable estoppel argument as well.
 
 III.
 
 17
 Having reviewed the district court's order de novo, the order granting defendant-appellee's motion for summary judgment is AFFIRMED.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation