**Robert E. MULLER, Plaintiff,**

v.

**FIRST UNUM LIFE INSURANCE COMPANY, Defendant.**

No. CIV. A. 97–CV–1420.

United States District Court, N.D. New York.

Nov. 2, 1998.

---

232

Gleason, Dunn, Walsh & O'Shea, Albany, NY (Ronald G. Dunn, of counsel), for Plaintiff.

Bond Schoeneck & King, LLP, Syracuse, NY (Arthur J. Siegel, of counsel), for Defendant.

*MEMORANDUM–DECISION and ORDER*

HURD, United States Magistrate Judge.

Plaintiff Robert E. Muller ("Muller" or "plaintiff") filed this action alleging that the defendant First Unum Life Insurance Company ("First Unum") wrongfully denied him long term disability benefits due under a policy issued by First Unum through Muller's employers. This original claim was brought under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 301–09, 441, 1001–1461. Plaintiff currently seeks to amend his complaint, first by adding his wife, Antoinette I. Muller, as a party plaintiff. Second, plaintiff wishes to add the following as defendants: (1) the Trustees of Hospital Association of New York State Group Insurance Trust ("HANYS"), the Policyholder and Plan Administrator of the insurance plan and policy in question; and (2) Albany Medical College and the Albany Medical Center (collectively "Albany Med"), plaintiff's employers. Finally, plaintiff seeks to assert claims under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101–12213, and the New York State Human Rights Law ("NYSHRL"), as amended, N.Y. Exec. L. §§ 290–301. Defendant First Unum opposes the proposed amendments. Should the amendments be granted as proposed, the plaintiffs would assert ERISA, ADA, and NYSHRL claims as against each of the defendants, First Unum, HANYS, and Albany Med.

## I. BACKGROUND

Albany Med employed Muller as a nurse anesthetist for a time prior to January 1994. Albany Med provided group long term disability benefits to Muller and other employees through its association with HANYS. HANYS is the plan administrator named in the certificate of coverage. (*See* Pl.'s Letter Mot. Ex. D.) In January 1994 Muller stopped working due to drug addiction and depression. Under the terms of the group long term disability policy First Unum paid Muller disability benefits beginning on July 18,

1994. On May 23, 1995, First Unum stopped paying the benefits, contending that Muller, having been successfully treated for his drug addiction, was no longer disabled. Muller asserted at that time, and continues to assert, that he is totally disabled and unable to work due to depression. He appealed the denial of benefits through the administrative process, thus meeting the exhaustion of remedies prerequisite to an ERISA suit.

Benefits for individuals suffering disability due to a mental disorder such as depression were limited to two years, according to the terms of the long term disability policy under which Muller was insured. However, benefits for an individual with a physical disability would be payable until the individual reached age 65, if the disability continued.

Plaintiff now contends that the disparity between benefits paid to those suffering from mental disabilities and to those suffering from physical disabilities discriminates against those with mental disorders on the basis of their disability, in violation of the ADA and NYSHRL. Muller filed a complaint with the Equal Employment Opportunity Commission and received a right to sue letter, thus meeting the exhaustion of remedies prerequisite to a disability discrimination claim.

## II. DISCUSSION

### A. Analytical Framework

First Unum makes arguments against the amendments, which in essence assert that the new claims would not survive a motion to dismiss. In contrast, plaintiff argues that both he and his wife state viable claims.[1] Accordingly, in order to determine whether to permit the amendments, the ERISA claim must be analyzed as to each putative defendant, the ADA/NYSHRL claims must be analyzed as to First Unum and the putative defendants, and plaintiff's wife must be evaluated as a putative plaintiff with regard to all claims.

■ Leave to amend a complaint should be freely given. Fed.R.Civ.P. 15(a). Several

---

1. Plaintiff submitted, in additional support for his motion to amend, a brief purportedly filed with the Southern District of New York in a civil action with issues similar to those in this case. (*See* Pl.'s Reply.) Plaintiff attempts to adopt each of the arguments made in that brief. Adoption of arguments set forth in a forty-six page brief filed as an exhibit to reply papers clearly transcends reasonableness. Accordingly, the brief has been disregarded.

factors may be considered when determining whether to permit an amendment. *Nerney v. Valente & Sons Repair Shop,* 66 F.3d 25, 28 (2d Cir.1995); *Rachman Bag Co. v. Liberty Mut. Ins. Co.,* 46 F.3d 230, 234, 235 (2d Cir.1995). Normally in the absence of " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment' " leave to amend should be granted. *Rachman,* 46 F.3d at 234 (quoting *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Undue delay or futility of amendment, inter alia, would be grounds upon the which the amendment should be denied. *Nerney,* 66 F.3d at 28; *Leonelli v. Pennwalt Corp.,* 887 F.2d 1195, 1198 (2d Cir.1989).

"An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis." *Chan v. Reno,* 916 F.Supp. 1289 (S.D.N.Y.1996)(citing *S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 42 (2d Cir.1979); *Freeman v. Marine Midland Bank–New York,* 494 F.2d 1334, 1338 (2d Cir.1974)).

A cause of action will be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion for dismissal it is assumed that all of the allegations in the complaint are true. *Id.* In reviewing the sufficiency of a complaint at the pleading stage, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### B. ERISA Claim

Muller seeks to add his wife, allegedly a beneficiary of the long term disability policy, as a party plaintiff. The cause of action Muller brings under ERISA is essentially a suit to recover benefits due. In addition to recovery of benefits due, ERISA provides that actions may be brought to determine what benefits may be due in the future. 29 U.S.C. § 1132(a)(1). Participants and beneficiaries may bring ERISA actions. *Id.* A beneficiary is a person designated by a participant or by the terms of a plan who is or may become entitled to benefits under the plan. *Id.* at § 1002(8). An individual who is a potential beneficiary, regardless of whether he or she becomes an actual beneficiary, has standing to bring an ERISA suit. *Riordan v. Commonwealth Edison Co.,* 128 F.3d 549, 552 (7th Cir.1997); *see* 29 U.S.C. § 1002(8). Plaintiff's allegation that his wife is a potential beneficiary because of survivorship benefits which would be due to her should plaintiff die while receiving long term disability payments must taken as true when determining if this claim would survive a motion to dismiss. Thus, plaintiff's wife, as a potential beneficiary, has standing to bring an ERISA suit and is a proper plaintiff in this cause of action. The complaint may be amended to add Antoinette I. Muller as a party plaintiff.

Next Muller wishes to add as defendants HANYS and Albany Med. An employee benefit plan is an entity which may be sued in order to enforce rights under ERISA. 29 U.S.C. § 1132(d). As administrators of the plan, HANYS may be held liable in a recovery of benefits claim. *See Leonelli,* 887 F.2d at 1199. To the contrary, however, an employer is not a proper defendant in a suit to recover benefits. *See Crocco v. Xerox Corp.,* 137 F.3d 105, 107–08 (2d Cir.1998)(denial of amendment to assert claim to recover benefits brought against employer proper). Thus, only HANYS, and not Albany Med, may be added as a defendant in the ERISA claim.

Plaintiff argues that under *Crocco* and *Leonelli* the employer may be held liable under limited circumstances. Plaintiff alleges that it may determine through discovery that Albany Med played a role in determining benefits, thus allowing recovery against Albany Med under *Sweet v. Consolidated Aluminum Corp.,* 913 F.2d 268, 272 (6th Cir.1990), and *Bokunewicz v. Purolator Prods., Inc.,* 907 F.2d 1396, 1402 (3d Cir. 1990)[2]. The Sixth and Third Circuits, as

---

**2.** Plaintiff's reliance on *Bokunewicz* otherwise may be misplaced. The *Bokunewicz* Court de-

well as the First and Eleventh Circuits, *see, e.g., Rosen v. TRW, Inc.,* 979 F.2d 191, 194 (11th Cir.1992); *Law v. Ernst & Young,* 956 F.2d 364, 373–74 (1st Cir.1992), have held that a party such as an employer that is not designated as an administrator may be held liable as a *de facto* administrator. In *Crocco,* however, the Second Circuit specifically criticized the decisions of the First and Eleventh Circuits as contrary to the unambiguous statutory language. 137 F.3d at 107; *see Lee v. Burkhart,* 991 F.2d 1004, 1010 n. 5 (2d Cir. 1993). The *Crocco* Court noted with approval the reliance in *Lee* on the Tenth Circuit's holding in *McKinsey v. Sentry Ins.,* 986 F.2d 401, 404–05 (10th Cir.1993), that an employer could not be a *de facto* administrator when the plan named a different administrator. 137 F.3d at 107 (the administrator named by the plan is *the* administrator for ERISA purposes). Thus, the law in this Circuit precludes employer liability when, as in this case,[3] another entity is named plan administrator in the plan documents. *Id.*

### C. ADA and NYSHRL Claims

It is unclear from the Proposed Amended Complaint whether or not plaintiff intends to add his wife as a party plaintiff regarding these claims. His papers in support of the motion to amend, however, make arguments only as to plaintiff's wife in relation to the ERISA claim. Further, it is not evident upon what basis plaintiff's wife would have standing as a plaintiff in the ADA and NYSHRL claims. *See Rich v. Coopervision, Inc.,* 198 A.D.2d 860, 861, 604 N.Y.S.2d 429 (N.Y.App.Div.1993)(spouse of victim of discrimination has no NYSHRL cause of action). Accordingly, plaintiff's wife may not be added as a party plaintiff in the ADA and NYSHRL causes of action.

■ A threshold question is whether, as defendant claims, NYSHRL is preempted by

ERISA. ERISA preempts all state laws that "relate to any employee benefit plan" unless the law is of a type exempted from ERISA coverage. 29 U.S.C. § 1144(a); *see* § 1003(b)(listing types of employee benefit plans not covered by ERISA). The NYSHRL relates to " 'any employee benefit plan' " under ERISA. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 100, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)(quoting ERISA § 514(a), 29 U.S.C. § 1144(a)). The United States Supreme Court answered the closer question of whether NYSHRL is exempted by ERISA. *See Shaw,* 463 U.S. at 105–06, 103 S.Ct. 2890. ERISA preempts NYSHRL "only insofar as [NYSHRL] prohibits practices that are lawful under federal law." *Id.* at 108, 103 S.Ct. 2890. Thus, there is no ERISA preemption of NYSHRL to the extent that its age discrimination provisions parallel the anti-discrimination provision of the ADA.

New York courts consistently rely on federal law when determining the scope of the discriminatory prohibitions of NYSHRL, *See Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1177 (2d Cir.1996); *see also Altman v. New York City Health & Hosps., Corp.,* 100 F.3d 1054, 1060–61 (2d Cir.1996)(disability discrimination claim which fails under ADA similarly fails under NYSHRL). The prohibitions against discrimination based upon disability provided by NYSHRL are circumscribed by the ADA, and NYSHRL does not "prohibit practices that are lawful under" the ADA. *See Shaw,* 463 U.S. at 108, 103 S.Ct. 2890; *Altman,* 100 F.3d at 1060–61. ERISA preemption is not a barrier to plaintiff's claims under NYSHRL.

Remaining for determination is whether First Unum, HANYS, or Albany Med would be a proper defendant in a disability discrimination claim.[4] Both the ADA and NYSHRL

---

clined to consider the employer's assertion that it was not a proper party, since the "dubious, technical argument" was not timely raised, 907 F.2d at 1402.

**3.** Plaintiff's certificate of coverage names HANYS as plan administrator, (*See* Pl.'s Letter Mot. Ex. D.)

**4.** For the purposes of this analysis the claims brought under the ADA and NYSHRL are collec-

tively referred to as the "disability discrimination claim."

First Unum makes additional arguments which go to the substance of the disability discrimination claim, such as whether plaintiff is a "qualified individual with a disability" under the statutes. However, as First Unum is not a proper defendant in the claim, as discussed *infra,* these arguments are more appropriately addressed when brought by the defendant in the disability discrimination claim.

prohibit discriminatory practices by employers. *See* 42 U.S.C. §§ 12111–12112; N.Y. Exec. L. § 298. Plaintiff alleges in his proposed amended complaint that Albany Med (collectively referring to Albany Medical College and Albany Medical Center) is his employer within the definitions of the ADA and NYSHRL. Accordingly, he states a claim under the ADA and NYSHRL, and amendment of the complaint is permitted to name Albany Med as a defendant in the disability discrimination claims.[5] *See Castellano v. City of New York*, 142 F.3d 58, 68–69 (2d Cir.1998)(discussing protection ADA provides to former employees although strict reading of statute would restrict protection to current employees).

 While alleging that First Unum and HANYS are "employers" within the meaning of the discrimination statutes, plaintiff fails to allege that First Unum and HANYS are *his* employers. Clearly from the face of the complaint First Unum and HANYS are not plaintiff's employers within the meaning of the statutes; rather, they are entities which provide insurance to the employees of Albany Med (and other employers). That they surely are "employers" within the meaning of the statutes to their employees is unavailing to plaintiff, who is an insured and not the employee of First Unum and HANYS. *Cf. Dortz v. City of New York*, 904 F.Supp. 127, 144–45 (S.D.N.Y.1995)(explaining the broad construction of employer); *Lewis v. Aetna Life Ins. Co.*, 7 F.Supp.2d 743, 746 (E.D.Va.1998)(insurance company dismissed as defendant during pretrial proceedings). Accordingly, amendment to add First Unum and HANYS as defendants in the disability discrimination claim would be futile and will not be permitted.

## III. CONCLUSION

Antoinette I. Muller is a proper plaintiff in the ERISA action. HANYS, as administrators of the plan, may be named as a defendant in the ERISA action. However, plaintiff's employer, Albany Med, is not a proper defendant in an ERISA action. Plaintiff may add a disability discrimination claim under the ADA and NYSHRL against Albany Med.

5. Permitting this amendment of plaintiff's complaint of course in no way prevents Albany Med

However, Antoinette I. Muller is not a proper plaintiff in the disability discrimination claim and First Unum and HANYS are not proper defendants in that claim.

Accordingly, plaintiff's motion for leave to file an amended complaint is granted in part and denied in part, as set forth above. Plaintiff may submit, on notice to defendant, a new proposed amended complaint in accordance with requirements of Fed.R.Civ.P. 8 and this Memorandum–Decision and Order for approval by the court prior to filing, on or before November 13, 1998. Defendant may submit, on notice to the plaintiff, its position on the form of the new proposed amended complaint on or before November 20, 1998.

IT IS SO ORDERED.

from seeking dismissal on any grounds.