Hall v McDonald's Corp. (2018 NY Slip Op 02104)





Hall v McDonald's Corp.


2018 NY Slip Op 02104


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


426 CA 17-01610

[*1]CARTER HALL, PLAINTIFF-APPELLANT,
v
MCDONALD'S CORPORATION, MACDO FOODS, INC., MCDONALD'S USA, LLC, HARRY SCHATMEYER, III, AND DARRIN GLASS, DEFENDANTS-RESPONDENTS. 






GRECO TRAPP, PLLC, BUFFALO (DUANE D. SCHOONMAKER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LITTLER MENDELSON, P.C., FAIRPORT (JESSICA F. PIZZUTELLI OF COUNSEL), FAIRPORT, FOR DEFENDANTS-RESPONDENTS MCDONALD'S CORPORATION AND MCDONALD'S USA, LLC. 
LECLAIR RYAN, A PROFESSIONAL CORPORATION, ROCHESTER (CHRISTINA L. SHIFTON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS MACDO FOODS, INC., HARRY SCHATMEYER, III AND DARRIN GLASS.


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered November 14, 2016. The order granted the respective motions of defendants to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages based on his allegedly improper termination as a manager of several McDonald's restaurants operated by defendant Macdo Foods, Inc. under franchise agreements with defendants McDonald's Corporation and McDonald's USA, LLC. Supreme Court properly granted defendants' respective motions to dismiss the complaint against them for failure to state a cause of action. On a CPLR 3211 (a) (7) motion to dismiss, "[w]e accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). As the court properly determined, New York does not recognize a cause of action for unfair discharge. Indeed, it is well established that, "where an employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason," (Murphy v American Home Prods. Corp., 58 NY2d 293, 300 [1983]), with exceptions not applicable here (see e.g. Executive Law § 296). Contrary to plaintiff's contention, "[t]ort causes of action alleging . . . prima facie tort cannot be allowed in circumvention of the unavailability of a tort claim for wrongful discharge or the contract rule against liability for discharge of an at-will employee' " (Rich v CooperVision, Inc., 198 AD2d 860, 861 [4th Dept 1993], quoting Murphy, 58 NY2d at 304; see Ingle v Glamore Motor Sales, Inc., 73 NY2d 183, 188-189 [1989]; Peterec-Tolino v Harap, 68 AD3d 1083, 1084 [2d Dept 2009]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court