**Kimberly J. CROCCO, Plaintiff–Appellee,**

v.

**XEROX CORPORATION and Patricia M. Nazemetz, Defendants–Appellants and AMERICAN PSYCHMANAGEMENT, INC., Defendant.**

No. 1002, Docket 97–7304.

United States Court of Appeals,
Second Circuit.

Argued Jan. 30, 1998.

Decided Feb. 17, 1998.

Andrew P. Nemiroff, Greenwich, CT, for Plaintiff–Appellee.

Marc L. Zaken, Stamford, CT, for Defendants–Appellants.

Mary Ellen Signorille and Melvin Radowitz, Washington, DC, for amicus curiae American Association of Retired Persons, in support of plaintiff-appellant.

Before CALABRESI and CABRANES, JJ.*

CALABRESI, Circuit Judge.

**Background**

Plaintiff Kimberly J. Crocco worked for defendant Xerox Corporation ("Xerox") and participated in its employee benefits plan (the "Plan"). She received inpatient treatment at the Rye Psychiatric Hospital Center from February 2 through June 5, 1990, and sought benefits under the Plan to cover the costs of her hospitalization. American Psychmanagement, Inc. ("APM"), a private entity (which had contracted with Xerox to provide pre-admission and concurrent review—or "case management"—of mental health treatment covered by the Plan), certified coverage for Crocco's treatment, but only from February 2 through March 3. It denied certification of Crocco's treatment after March 3.

Crocco asked for and received from APM two levels of "administrative" review of this partial denial of certification. When APM refused to alter its original determination, Crocco requested that defendant Nazemetz, the Plan Administrator, conduct a review of the decision—a review to which Crocco was entitled under § 503(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"). See 29 U.S.C. § 1133(2) (requiring a "full and fair review" by the plan administrator of a decision denying a plan participant's claim for benefits).

In due course, Nazemetz affirmed APM's partial denial of benefits.

In a letter to Crocco's attorney, Nazemetz explained her decision this way:

> Please note that treatment which is not certified by [APM] is not eligible for reimbursement under the Plan. Since APM determined that the level of acute care provided to [Crocco] was inappropriate for reimbursement after March 3, 1990, such treatment was not certified and therefore, is ineligible for reimbursement under the Plan.

*Crocco v. Xerox Corp.,* 956 F.Supp. 129, 136 (D.Conn.1997) (quoting Nazemetz's decision) (first alteration in original).

At that point, Crocco filed this action in the United States District Court for the District of Connecticut (Ellen B. Burns, *Judge*), seeking review of Nazemetz's decision. In her complaint, which named Nazemetz, Xerox, and APM as defendants, Crocco alleged, *inter alia,* that she had been denied a "full and fair review" of her claim for benefits, in derogation of her rights under ERISA § 503(2), 29 U.S.C. § 1133(2).

The district court held, as a matter of law, that APM was not a fiduciary under ERISA, and therefore dismissed Crocco's claims against it. See *Crocco,* 956 F.Supp. at 136–37. (That ruling is not before us on appeal.) The court also determined that Xerox was a proper defendant. See *id.* at 137–38. It then concluded that Nazemetz's decision denying Crocco benefits should be reviewed only to determine whether it was "arbitrary and capricious." *Id.* at 138.

After conducting a thorough analysis of the administrative record and hearing the testimony of Nazemetz, the court found that, even under this highly deferential standard, Nazemetz had failed to conduct the statutorily prescribed "full and fair review."[1] See *id.* at 139–42. Accordingly, the court remanded the cause to Nazemetz so that the administrator could carry out a review of the denial of benefits that complied with the requirements of § 503(2). The court retained jurisdiction over any subsequent appeals of that decision. See *id.* at 144.

* The Honorable Gerald W. Heaney, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation, withdrew from the panel after oral argument, and the appeal is being disposed of by the remaining members of the panel, who are in agreement.

See 2d Cir.R. 0.14(b); *Whitehall Tenants Corp. v. Whitehall Realty Co.,* 136 F.3d 230 (2d Cir.1998).

1. The court also held that the notice of denial that Crocco received from APM was inadequate to satisfy the requirements of ERISA § 503(1), 29 U.S.C. § 1133(1). See *id.* at 142–44.

## Discussion

### I. *Is Xerox a proper party defendant?*

In *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195 (2d Cir.1989), we held that, "[i]n a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." *Id.* at 1199. Recognizing this rule, the district court nonetheless found that Xerox had control, indirectly, over the administration of the plan, and hence that it could be sued for benefits. *Crocco*, 956 F.Supp. at 137–38 (citing *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 234 (3d Cir.1994); *Law v. Ernst & Young*, 956 F.2d 364, 372–73 (1st Cir.1992); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir.1988); *Adamo v. Anchor Hocking Corp.*, 720 F.Supp. 491, 498 (W.D.Pa.1989); *Ansari–Springs v. Caterpillar, Inc.*, No. C–94–0742 MHP, 1995 WL 27525, at *2–3 (N.D.Cal. Jan. 19, 1995)). In other words, the district court appears to have held that Xerox was a *de facto* co-administrator, along with Nazemetz.[2]

 We believe, however, that our reasoning in *Lee v. Burkhart*, 991 F.2d 1004 (2d Cir.1993), precludes a finding that an employer is a *de facto* co-administrator jointly liable with the named administrator in a suit to recover benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). In *Lee*, we rejected a claim that an insurance company—under contract to provide assistance in the management of an employer's self-funded employee benefits plan—was an unnamed plan administrator. *See id.* at 1010. In doing so, we expressly stated our disagreement with decisions of the First and Eleventh Circuits holding employers responsible as *de facto* administrators under ERISA §§ 502(a)(1)(A) and 502(c), 29 U.S.C. §§ 1132(a)(1)(A), 1132(c). *See id.* at 1010 n. 5 (citing *Rosen v. TRW, Inc.*, 979 F.2d 191, 193–94 (11th Cir.1992); *Law*, 956 F.2d at 372–74). And we cited with approval the Tenth Circuit's decision in *McKinsey v. Sentry Insurance*, 986 F.2d 401 (10th Cir.1993), which criticized the view that an employer could be a *de facto* administrator, and held that "[29 U.S.C. §] 1002(16)(A) provides that if a plan specifically designates a plan administrator, then that individual or entity is *the* plan administrator for purposes of ERISA," *id.* at 404.[3] In short, then, we think that the reasoning—if not necessarily the holding—of *Lee* precludes employer liability, as a *de facto* co-administrator, in a suit brought under § 502(a)(1)(B), where the employer has designated a plan administrator in accordance with 29 U.S.C. § 1002(16)(A).

Because it is clear from the Plan documents that Xerox was neither the designated

---

**2.** Alternatively, the district court may have held Xerox to be a proper party as a Plan fiduciary. But the relief that Crocco seeks in this action is the payment of benefits (as well as attorney's fees and costs). She does not seek damages against Xerox—on behalf of the Plan—pursuant to ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), for a breach of fiduciary duty. *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 139–44 & nn. 8, 9, 105 S.Ct. 3085, 3088–91 & nn. 8, 9, 87 L.Ed.2d 96 (1985) (holding that § 502(a)(2) creates right of action for plaintiffs suing for breach of fiduciary duty on behalf of the plan); *Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993) ("*Russell* ... bars plaintiffs from suing under [Section 502(a)(2)] because plaintiffs are seeking damages on their own behalf, not on behalf of the Plan."). Nor does she request injunctive or other equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256–59, 113 S.Ct. 2063, 2068–70, 124 L.Ed.2d 161 (1993) (limiting relief available under § 502(a)(3) to traditional equitable remedies, which do not include compensatory damages); *see also Iwans v. Aetna Life Ins. Corp.*, 855 F.Supp. 579, 584 n. 7 (D.Conn.1994) (applying *Mertens and Lee* to a request for damages). Hence, her suit for recovery of benefits is clearly governed by the civil enforcement provisions of ERISA § 502(a)(1)(B), and the rule suggested in *Lee, see infra*, is controlling.

**3.** Our decision in the instant case is not affected by the *McKinsey* court's explanation that:

> If in practice, company personnel other than the plan administrator routinely assume responsibility for answering requests from plan participants and beneficiaries, a plaintiff's suit against the plan administrator will not necessarily fail, as the First Circuit suggests in *Law*, 956 F.2d at 373. Rather, the actions of the other employees may be imputed to the plan administrator.

*McKinsey*, 986 F.2d at 404. The question before us is not whether a suit by Crocco against other Xerox employees may be treated as a suit against the Plan administrator, but whether Crocco's cause of action against Xerox may be maintained *in addition to* her suit naming the Plan administrator as defendant.

Plan administrator nor a Plan trustee, and because it could not, under the rationale underlying Lee, be a de facto co-administrator for purposes of § 502(a)(1), it cannot be held liable for benefits due to Crocco under the plan. It is, therefore, entitled to dismissal of the claims against it.

## II. The Plan administrator's denial of Crocco's appeal

■ For substantially the reasons stated by the district court in its Memorandum of Decision, which appears at 956 F.Supp. 129, we affirm the district court's judgment that Nazemetz did not provide a "full and fair review" of APM's certification decision (and hence, that Nazemetz's ratification of APM's decision was arbitrary and capricious).[4]

Because we do so, we need not consider, and do not embrace or reject the district court's analysis of, the separate questions of (a) whether the notice of denial that APM provided to Crocco was defective, (b) whether APM's fee arrangement and other contractual obligations to Xerox constituted a conflict of interest, and (c) what the consequences of such a conflict, if it existed, would be. We also decline to decide one other issue central to this case; it concerns our jurisdiction to hear this appeal, and deserves some attention.

## III. Jurisdiction

■ Appellants in their brief flag the question of whether we have jurisdiction over this appeal (and assert that we do).[5] The Ninth Circuit has held that a district court order remanding a claim to a plan administrator is a final appealable order. See Snow v. Standard Ins. Co., 87 F.3d 327, 330 (9th Cir.1996). The First and Eleventh Circuits, by contrast, have refused to treat such orders as immediately reviewable. See Petralia v. AT&T Global Info. Solutions Co., 114 F.3d 352, 353–54 (1st Cir.1997); Shannon v.

Jack Eckerd Corp., 55 F.3d 561, 563–64 (11th Cir.1995).

While we have not yet had occasion to rule on this question, we held in Perales v. Sullivan, 948 F.2d 1348 (2d Cir.1991), that, although a district court's remand to an administrative agency is not ordinarily appealable, see, e.g., Lyons v. Barrett, 851 F.2d 406, 409 (D.C.Cir.1988); Daviess County Hosp. v. Bowen, 811 F.2d 338, 341 (7th Cir.1987), "[a]n exception to the finality requirement is recognized when the agency to which the case is remanded seeks to appeal, and that agency would be unable to appeal after the proceedings on remand." Perales, 948 F.2d at 1353. Appellants argue that a finding of appellate jurisdiction in this case is warranted either in accord with our reasoning in Perales or under the collateral order exception to the final judgment rule, see Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949).

■ "[T]he normal rule is to decide jurisdiction before the merits," Browning–Ferris Indus. v. Muszynski, 899 F.2d 151, 159 (2d Cir.1990), and this court does not depart from this principle lightly. In Browning–Ferris, however, we set forth several factors relevant to determinations of when it is appropriate to invoke the doctrine of "hypothetical jurisdiction." See id. And, considering the jurisdictional issue here in the light of the Browning–Ferris factors, "we conclude that the interests of 'judicial efficiency and restraint' justify our consideration of the merits." RNR Enters., Inc. v. SEC, 122 F.3d 93, 96 (2d Cir.1997) (citation omitted).

The assumption of jurisdiction in this case will not do injustice to the parties. See id.; Browning–Ferris, 899 F.2d at 159. Because the district court ordered a remand to the Plan Administrator, our decision that such a remand is required by ERISA produces the same result as would a determination that, at

---

4. Appellants cite to us an unpublished decision of this Court for the proposition that Nazemetz's approval of APM's certification decision was proper. As an unpublished summary order, however, that decision may not be cited as authority and appellants' references to it are entirely improper. See 2d Cir.R. 0.23. Moreover, we do not even think that the district court opinion

affirmed by that order, Semmler v. Metropolitan Life Insurance Company, 172 F.R.D. 86 (S.D.N.Y. 1997), supports the proposition that appellants ascribe to it.

5. Crocco does not challenge our jurisdiction.

this stage, we lack jurisdiction to consider the appeal. Although we reverse the district court's determination that Xerox is a proper party to the suit, the remedy Crocco seeks—the award of benefits—is available solely against the Plan, the administrator, and the trustees, and hence is undiminished by the dismissal of Xerox.

Moreover, the jurisdictional issue is "difficult." *Id.* We have not yet decided whether a remand to a plan administrator is immediately appealable, but, as we explained *supra*, the other circuits that have considered the question are in disagreement. *See RNR Enters.*, 122 F.3d at 96 (citing a circuit split as indicative of the complexity of a jurisdictional question for purposes of determining whether jurisdiction should be assumed). And the question is "far-reaching": it is one of first impression in this circuit, it "involve[s] the interpretation of a complex statutory scheme," and it "affect[s] large numbers of potential litigants." *Browning–Ferris*, 899 F.2d at 159. Finally, because the appellants' assertion of jurisdiction was not challenged and the parties did not address the matter at oral argument, the record is not fully developed with respect to this issue. *See RNR Enters.*, 122 F.3d at 96 (citing lack of full briefing by the parties as one element supporting a finding of an incomplete record on which to base a jurisdictional ruling).

Under these circumstances, we leave for another day the question of whether the *Perales* or collateral order exceptions to the final judgment rule provide us with jurisdiction to review remands of the decisions of ERISA plan administrators.

### Conclusion

We affirm the district court's holding that the Plan administrator's approval of the partial denial of Crocco's claim was arbitrary and capricious, and hence that a remand for a "full and fair review" is required.[6] We reverse the determination that Xerox is a

---

[6] In an amicus brief filed in this case, the American Association of Retired Persons ("AARP") requests that we consider modifying the district court's order by remanding to a different Plan fiduciary. AARP argues that Nazemetz, after having once conducted an inadequate review of Crocco's claim, is unlikely, on remand, to perform a full and fair review. AARP cites no

proper defendant. And we decline to consider, as unnecessary to our disposition of the case, any questions concerning possible conflicts of interest on the part of APM or inadequacy of APM's notice to Crocco.

The judgment of the district court is AF-FIRMED IN PART, REVERSED IN PART, and REMANDED.

statute or case law that speaks to: (a) whether we have the authority to order such a reassignment; (b) if so, under what circumstances it would be proper for us to exercise that authority; and (c) who that other fiduciary might be. Because no request for assignment to a different fiduciary was made by a party in interest, we decline to consider the issue.