Richard J. **WAKSMAN**, Plaintiff–Appellant,

v.

The **IBM SEPARATION ALLOWANCE PLAN**, International Business Machines Corporation, Defendants–Appellees.

Docket No. 04–4084CV.

United States Court of Appeals, Second Circuit.

July 8, 2005.

Bernard Weinreb, Suffern, NY, for Appellant.

John Houston Pope, Epstein Becker & Green, PC, New York, NY, for Appellees.

Present: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Richard Waksman appeals from the July 8, 2004, order of the district court dismissing pursuant to Federal Rule of Civil Procedure 56 plaintiff-appellant's claim for recovery of benefits under Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

■ Because defendant-appellee, the IBM Separation Allowance Plan ("Plan"), explicitly vests the Plan administrator with discretion to construe the terms of the Plan, the district court reviews the administrator's decision for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).[1] We review de novo a district court's assessment of the plan administrator's decision. *Zervos v. Verizon N.Y., Inc.*, 277 F.3d 635, 646 (2d Cir.2002).

Waksman argues that our standard of review is more stringent where the plan administrator has a conflict of interest, and that here a conflict of interest exists because IBM employs the plan administrator and will suffer financially if Waksman is granted benefits. The mere fact that the administrator is employed by a party that could suffer financially under the administrator's decision is not enough to lessen the deference due to the administrator. *Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, 1255–56 (2d Cir.1996); *Jordan v. Retirement Comm. of Rensselaer Polytechnic Inst.*, 46 F.3d 1264, 1274 (2d Cir. 1995). We therefore review for abuse of discretion.

■ Waksman's primary substantive argument is that the plan administrator erred by not listening to the actual voice mail recordings before making her decision. ERISA requires that the plan administrator give any denial of benefits a "full and fair review." 29 U.S.C. § 1133(2). We have implicitly adopted the position that this provision requires the administrator to consider all pertinent evidence reasonably available to her. *Crocco v. Xerox Corp.*, 137 F.3d 105, 108 (2d Cir. 1998) (adopting reasoning of the decision below, 956 F.Supp. 129, 139 (D.Conn. 1997)).

---

1. Our cases interpreting *Firestone* have at times described this standard as arbitrary and capricious review. *See, e.g., Fay v. Oxford Health Plan*, 287 F.3d 96, 104 (2d Cir.2002); *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir.1999). We have previously used the abuse of discretion and arbitrary and capricious standards interchangeably. *See generally Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, 1255–56 (2d Cir.1996).

Here, the voice mail recordings were not pertinent. The plan administrator's decision is admittedly not well explained. However, in light of the ample evidence before the administrator that Waksman made his threats calmly and as part of a longer plea for help, it is apparent that the administrator was relying on an interpretation of the Plan's "threatening conduct" language as conduct of a threatening nature or stating a threat, rather than as conduct implying an actual or serious threat. The additional evidence of tone of voice and context that would be provided by the voice mail recordings could be relevant under the latter interpretation. Under the former interpretation, such evidence could not undermine the simple fact that Waksman chose to express his frustration by describing a deadly assault. Similarly, evidence of Waksman's peaceful work history would be relevant only to intent and seriousness, not to the fact of his use of violent and threatening language.

We must still consider whether this broader interpretation of the Plan language was itself an abuse of discretion. We are required to give effect to a plan administrator's rational interpretation of plan provisions despite the existence of other rational interpretations. *Celardo v. GNY Auto. Dealers Health & Welfare Trust*, 318 F.3d 142, 146 (2d Cir.2003). We can disturb an administrator's interpretation only if it imposes a standard not required by the plan, conflicts with the plain words, or renders some other part of the plan superfluous. *O'Shea v. First Manhattan Co. Thrift Plan & Trust*, 55 F.3d 109, 112 (2d Cir.1995). Here, it is rational and consistent with the plain language to interpret "threatening conduct" as including Waksman's conduct here. It is not uncommon in the modern vernacular to refer to violence against persons, and it might well be an abuse of discretion to construe "threatening conduct" to include an isolated exclamation along the lines of "I could just kill her!" Here, however, Waksman was unusually detailed in his wording, identifying a weapon and a mode of transport. Furthermore, he repeated substantially the same threat four times over two days. We cannot say that it was irrational not to construe these statements, even if never seriously meant to convey a threat, as "threatening conduct." While we might be inclined to construe the term more narrowly, that is not within our power to decide.

We decline, however, to award attorneys' fees to defendants under either ERISA, 29 U.S.C. § 1132(g)(1), or Federal Rule of Appellate Procedure 38. As discussed above, the administrator indeed failed to consider evidence that, under a different interpretation of the Plan, would have been relevant. Nor is the interpretation chosen so obviously rational as to imply the bad faith, significant disparity between the merits of the parties' positions, or need to deter similar suits that might justify attorneys' fees under ERISA. *See Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir.1987). The appeal, while ultimately not meritorious, certainly is not frivolous within the meaning of Rule 38. Furthermore, in the interests of equity given the harshness of the Plan administrator's decision, each party will bear its own costs.

For the above reasons, we affirm the judgment of the district court.