Mark J. STEGER, Plaintiff,

v.

DELTA AIRLINES, INC., and, Aetna
Life Insurance Company,
Defendants.

No. 04 CV 5326(ADS).

United States District Court,
E.D. New York.

Aug. 5, 2005.

Law Offices of David J. Sutton, P.C. by David J. Sutton, Esq., Garden City, NY, for Plaintiff.

Orrick, Herrington & Sutcliffe, LLP by Ira G. Rosenstein, Esq., and James H. McQuade, Esq., New York City, Rogers & Hardin, LLP by Thomas J. Mew, IV, Esq., Atlanta, GA, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The Plaintiff Mark J. Steger ("Steger" or the "Plaintiff") commenced this action under the section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132(a)(1)(B). Plaintiff alleges that the defendants Delta Air Lines, Inc. ("Delta") and Aetna Life Insurance Company ("Aetna") (collectively, the "Defendants") improperly denied him long term disability benefits. Presently before the Court is the Defendants' motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss this action on the basis that the Defendants are not proper parties to this action.

## I. BACKGROUND

The following facts relevant to this motion are taken from the complaint and documents incorporated by reference to the complaint.

On or about December 13, 1985, the Plaintiff was employed by Delta as a reservations agent and was enrolled in Delta's Employee Disability and Survivorship Plan (the "Plan"). The Plan provided from long term disability insurance for total and permanent disability as defined under the Plan. The Plan provides in pertinent part:

The operation and administration of the Plan ..., the exclusive power to interpret it, and the responsibility for carrying out its provisions are vested in the Administrative Committee of at least three members, which Committee shall be the Administrator of the Plan, provided, however, that this responsibility shall not extend to the management and control of the assets of the Plan. The Board of Directors of the Company shall appoint the Administrative Committee members and shall have the power of removal and substitution, and shall designate the Chairman of the Committee.

On December 13, 1985, the Plaintiff was diagnosed with, among other ailments, Labile Hypertension, which caused dizziness, headaches, and unpredictable fainting. As a result of this condition, it was determined that the Plaintiff was suffering from a long-term disability as defined by the Plan. Although the complaint alleges that the "Defendants" are responsible for the denial of his benefits, as set forth in more detail below, the Court's review of the relevant documents reveal that the Plan, a separate legal entity, is the proper defendant. From December 13, 1985 until approximately November 1, 2002, the Plaintiff was paid long term disability benefits pursuant to the Plan.

In or about the year 2000, the Plaintiff was required to undergo various medical examinations by the Plan. A letter dated April 30, 2004 on Delta letterhead was sent from James F. Merna, the Secretary of the Committee to Scott R. Tirrell, Esq., the Plaintiff's counsel at the time (the "April 30, 2004 Letter"). This letter, incorporated by reference in the complaint, sets forth a chronological history of the relevant facts. According to this letter, in November 2001, Aetna advised Steger of the "Aetna Managed Disability" process which included the "possibility of an [independent medical examination.]." According to this letter, after several independent medical examinations, on October 28, 2002, Aetna informed James T. Murphy, Esq., the Plaintiffs previous attorney, that effective November 1, 2002, Steger's long term disability benefits would be terminated.

In a letter dated December 6, 2002 to Aetna, Murphy appealed from the denial of Steger's benefits. By a letter dated April 17, 2003, the Plaintiff was informed by the Aetna Medical Director that the denial of his benefits was upheld. (the "April 17, 2003 Letter").

This decision was appealed to the Administrative Committee by Attorney Tirrell in a letter dated July 10, 2003. After reviewing the appeal, the Committee upheld the denial of his long term disability benefits as of November 1, 2002. The Plaintiff was notified of this decision by way of the April 30, 2004 letter.

On December 8, 2004, Steger commenced this action against the Delta and Aetna. The Defendants filed a joint motion to dismiss this action on the basis that the Plan and the Administrative Committee are the proper defendants, rather than the named parties.

## II. DISCUSSION

### A. Standard of Review

██ Fed.R.Civ.P. 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim on which relief can be granted." In deciding such a motion, the court must take the allegations of the complaint to be true and "draw all reasonable infer-

ences in favor of the plaintiff." *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). In this regard, a complaint will not be dismissed unless " 'it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief.' " *Scutti Enterprises, LLC, v. Park Place Entertainment Corp.,* 322 F.3d 211, 214 (2d Cir.2003) (quoting *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997)); *Desiderio v. National Ass'n of Securities Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999).

■ When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court may not only look to the factual allegations of the complaint, but also to "any written instrument attached to it as an exhibit or any statement or documents incorporated in [the complaint] by reference." *Cortec Industries v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991); *see also Leonard F. v. Israel Discount Bank,* 199 F.3d 99, 107 (2d Cir.1999). In addition, a plaintiff's reliance on a particular document in drafting the complaint allows the court to consider that document in deciding a motion to dismiss. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir.2002). The following documents were submitted by the parties and used by the Court in rendering this decision:

### 1. The Plan

■ The Defendants annexed a copy of the Plan to their motion to dismiss. Because the Plan is directly referenced in the complaint and is the basis of this action, the Court may consider the Plan in deciding the motion to dismiss. *See Berg v. Empire Blue Cross and Blue Shield,* 105 F.Supp.2d 121, 126 (E.D.N.Y.2000) (In a situation where a plaintiff attached only portions of a document, the court determined that because the document was the basis of her claim, it could be examined in

full when deciding a Rule 12(b)(6) motion to dismiss.). The Court also notes that the Plaintiff does not oppose the Defendants' submission of the Plan to be considered by the Court in deciding this motion.

### 2. The April 17, 2003 and April 30, 2004 Letters

■ The Plaintiff and the Defendants annexed the April 17, 2003 Letter and the April 30, 2004 Letter to their respective memoranda. The Court may also consider these letters because these letters memorialize the denial of benefits and the relevant appeal procedure, and were relied upon by the Plaintiff when drafting the complaint. *See Chambers,* 282 F.3d at 153 ("[A] plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion"). *See also Schnall v. Marine Midland Bank,* 225 F.3d 263, 266 (2d Cir. 2000) (The Court considered documents not attached to the complaint where they were "integral to [Plaintiff's] claims and [Plaintiff] had notice of that information."). The Court also notes that the Plaintiff does not oppose the Defendants' submission of the April 30, 2004 Letter.

### B. Applicable Law

■ As stated above, the Plaintiff commenced this action against Delta and Aetna pursuant to § 502(a)(1)(B) which provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan ... ." It is well-settled that in this type of action, where the recovery of benefits is sought, "only the plan and the administrators and the trustees of the plan in their capacity as such may be held liable." *Crocco v. Xerox Corp.,* 137 F.3d 105, 107 (2d Cir.1998) (citing *Leonelli v. Pennwalt Corp.,* 887 F.2d 1195 (2d Cir.1998)); *accord*

*Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 509–510 (2d Cir.2002).

ERISA defines an "Administrator" as:

(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A).

■ In most cases, a plan administrator will be the person designated by the plan documents. *Crocco,* 137 F.3d at 107 ("[I]f a plan specifically designates a plan administrator, then that individual or entity is the plan administrator for purposes of ERISA."). If no administrator is designated, in the case of an employee benefit plan established or maintained by a single employer, then the default plan sponsor is the employer. 29 U.S.C. § 1002(16)(B)(i); *O'Connell v. Kenney,* Civ. 03–0845, 2003 WL 22991732, at *4 (Dec. 15, 2003, D.Conn.); *Nechis v. Oxford Health Plans, Inc.,* 328 F.Supp.2d 469, 477 (S.D.N.Y. 2004).

■ The Court is also mindful that in the Second Circuit an employer may not be designated as a *de facto* administrator merely because it provides services, such as determining benefits under the plan. *Crocco,* 137 F.3d at 107; *Del Greco v. CVS Corp.,* 354 F.Supp.2d 381, 384 (S.D.N.Y. 2005); *See Muller v. First Unum Life Insurance Company,* 23 F.Supp.2d 231, 234–235 (N.D.N.Y.1998).

## 1. As to Delta

It is undisputed that Delta was the Plaintiff's employer. With respect to this defendant, the complaint alleges "[t]he Plan has been administered on behalf of defendant Delta, by the co-defendant Aet-na." Compl. ¶ 10. Although it appears that the Plaintiff concedes that Delta did not administer the Plan, the complaint alleges that the "[D]efendants have wrongfully refused to pay plaintiff long-term disability benefits. . . ." However, as indicated above, the Plan expressly provides that the Committee is the vested with the power to operate and administer the Plan. Plan ¶ 11.01. The Plan further states that, "the decisions of the Administrative Committee as to the interpretation and application of the Plan shall be final." Plan ¶ 11.03.

Although the Plaintiff argues that Delta is a proper defendant because the "members are appointed by the Delta Airlines Board of Directors and serve at the Board's pleasure," Mem. in Opp. at 2, the fact remains that Delta, as the employer, complied with the provisions of ERISA by appointing the Administrative Committee as the plan administrator. Furthermore, it is evident from the April 30, 2004 Letter that a Committee was in fact appointed and conducted the final review and upheld the denial of the Plaintiff's benefits. Importantly, this letter was signed by James F. Merna, the Secretary of the Administrative Committee.

In addition, even if Delta played a role in determining benefits, the Second Circuit has stated that an employer cannot be a *de facto* administrator, especially in a case where a plan administrator has been named. *See Muller,* 23 F.Supp.2d at 235 (The court did not allow the employer to be named as a defendant even if the Plaintiff could prove that employer played a role in determining benefits because another entity was named as the plan administrator.); *See also Hogan v. Metromail,* No. 99 Civ. 11204, 2002 WL 373245, at *13 (S.D.N.Y. Mar. 8, 2002) (In an ERISA action, the Court granted the defendant employer's motion to dismiss because "Human Resources Committee of the Board of

Directors of the Company" was named as the plan administrator and was therefore the proper defendant).

■■ Here, the Administrative Committee is designated by the Plan as the plan administrator (Plan 11.01). Thus, because the plan specifically designated the Committee as the plan administrator, the Plan and the Administrative Committee are the only proper parties in this action. *See Crocco,* 137 F.3d at 107; *See also Byrom v. Delta Family Care–Disability and Survivorship Plan,* 343 F.Supp.2d 1163, 1166 (N.D.Ga.2004) (In evaluating an employment benefit plan of Delta Family Care, the court stated that "[t]he Plan is a legally distinct entity with the power to sue and be sued."). Accordingly, the motion to dismiss the claims against Delta is granted.

### 2. As to Aetna

Similarly, Aetna is also not a proper party to this action. Again, as the designated administrator of the Plan, the Administrative Committee and the Plan are only viable defendants in this action. *See Crocco,* 137 F.3d at 107; *see also Chapman* 288 F.3d at 510; *Del Greco,* 354 F.Supp.2d at 384. The Court also notes, that even if an administrator had not been named, Aetna would not be an proper defendant because "if no administrator is named, the default administrator shall be the employer." *O'Connell,* Civ. No. 03 Civ. 0845, 2003 WL 22991732, at *4; *Nechis,* 328 F.Supp.2d at 477. Accordingly, the complaint is dismissed as to Aetna.

### C. Leave to Amend

■■ Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires." In that regard, even if not requested by the Plaintiff, the Court may *sua sponte* grant leave to amend. *Straker v. Metropolitan Transit Authority,* 333 F.Supp.2d 91, 102 (E.D.N.Y.2004). Accordingly, the Plaintiff is granted leave to serve a supplemental summons and amended complaint against the proper party defendants, the Plan and the Administrative Committee. Accordingly, the Plaintiff is directed to serve and file a supplemental and amended complaint naming the Plan and the Administrative Committee as defendants with appropriate revisions within 30 days from the date of this order.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the motion by the defendants Delta and Aetna to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) is **GRANTED**; and it is further

**ORDERED**, that the complaint is dismissed with leave to the Plaintiff to serve and file a supplemental summons and amended complaint adding the Plan and the Administrative Committee as the proper defendants.

**SO ORDERED.**