**B. Man YOON, Plaintiff–Appellant,**

v.

**FORDHAM UNIVERSITY FACULTY and Administrative Retirement Plan, Fordham University and Donald C. Cipullo, as Administrator, and Frank Si-mio, as Successor Administrator, of the Fordham University Faculty and Administrative Retirement Plan, Defendants–Appellees.**

No. 05–0173–CV.

United States Court of Appeals, Second Circuit.

April 14, 2006.

Edgar Pauk, New York, New York, Jay Carlisle, Pace University School of Law, White Plains, New York, for Appellant.

James E. McGrath, III, Alexander Tchernovitz, Putney Twombly Hall & Hirson LLP, New York, New York, for Appellees.

PRESENT: Honorable AMALYA L. KEARSE, Honorable REENA RAGGI, Circuit Judges, and Honorable JANE A. RESTANI, Chief Judge, U.S. Court of Int'l Trade.[1]

## SUMMARY ORDER

Plaintiff B. Man Yoon, a former tenured professor at Fordham University ("Fordham"), appeals from an award of summary judgment in favor of defendants Fordham, the Fordham University Faculty and Administrative Retirement Plan ("Plan"), and successive plan administrators Donald D. Cipullo and Frank Simio. He also appeals from the denial of a Rule 60(b) motion to vacate an earlier partial award of summary judgment in favor of Fordham. *See* Fed. R.Civ.P. 60(b). We assume the parties' familiarity with the facts and the long history of proceedings in state and federal court, which we reference only as necessary to explain our decision.

### 1. *The Unpaid Salary Claim*

At the crux of Yoon's suit is the claim that Fordham breached his employment contract as a tenured professor, as a result of which, in 1983, Fordham stopped paying Yoon's salary and making benefits contributions on his behalf to the Plan. In the mid–1980s, Yoon sued Fordham for unpaid salary in New York State court. In 1995, when Yoon failed to appear for trial in that case, the state court entered a default judgment in favor of Fordham. Yoon's 1997 motion to vacate this judgment was denied by the state trial court, and that denial was upheld on appeal, *see Yoon v. Fordham Univ.,* 249 A.D.2d 176, 672 N.Y.S.2d 677 (1998), with the New York Court of Appeals dismissing both Yoon's motion for leave to appeal, *see Yoon v.*

*Fordham Univ.,* 92 N.Y.2d 946, 681 N.Y.S.2d 476, 704 N.E.2d 229 (1998), and his application for reargument of the motion, *see Yoon v. Fordham Univ.,* 92 N.Y.2d 1026, 684 N.Y.S.2d 491, 707 N.E.2d 446 (1998). When Yoon thereafter attempted to plead a salary claim against Fordham in this federal action, the district court and this court concluded that principles of *res judicata* required dismissal. *See Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan,* 263 F.3d 196, 200–01 (2d Cir.2001); *Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan,* No. 99 Civ. 11042, 2000 WL 1521176, at \*3, 2000 U.S. LEXIS 14910, at \*6–9 (S.D.N.Y. Oct. 13, 2000).

Undeterred by these rulings, Yoon attempted to resurrect his salary claim by moving pursuant to Fed.R.Civ.P. 60(b) for the district court to reconsider the question of *res judicata* and vacate its earlier judgment. In now appealing the district court's denial of that motion, Yoon also urges this court to reconsider its earlier *res judicata* ruling in his case. To support his appeal, Yoon argues, for the first time in the decade since the state default judgment was entered, that that judgment cannot constitute *res judicata* because it was entered pursuant to N.Y. C.P.L.R. § 3216(a). That law states that a dismissal for failure to prosecute is not an adjudication on the merits unless so specified by the court. As a general rule, this court will not entertain an argument raised for the first time on appeal. *See, e.g., Nichols v. Prudential Ins. Co. of Am.,* 406 F.3d 98, 106 (2d Cir.2005). Although this case warrants no exception, we note that Yoon's argument is, in any event, without merit.

1. The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

Preliminarily, we note that we review a district court's denial of a Rule 60(b) motion for abuse of discretion. *See Okemo Mountain, Inc. v. United States Sporting Clays Ass'n,* 376 F.3d 102, 104 (2d Cir.2004). With respect to this court's own *res judicata* ruling in Yoon's case, because that decision completely disposed of Yoon's salary claim, it is appropriately deemed settled law in this circuit, absent reconsideration by this court sitting *en banc* or a different ruling by the Supreme Court. *See New York State NOW v. Terry,* 961 F.2d 390, 395–96 (2d Cir.1992). In any event, as law of the case, the ruling will not be disturbed absent a "compelling" reason such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (internal quotation marks omitted). Yoon's argument is plainly not based on a change in law or new evidence. Nor can he demonstrate clear error or manifest injustice for the simple reason that he fails convincingly to demonstrate that the default judgment was, in fact, entered pursuant to § 3216(a).

Although the trial court did not state the statutory basis for its judgment, the Appellate Division specifically cited to N.Y. C.P.L.R. § 3215(a) in affirming the denial of Yoon's motion to vacate the default judgment. *See Yoon v. Fordham Univ.,* 249 A.D.2d at 176, 672 N.Y.S.2d at 677. That statute provides for dismissal of an action when "a plaintiff has failed to proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed." N.Y. C.P.L.R. § 3215(a). Such a dismissal is an adjudication on the merits with *res judicata* effect in subsequent litigation. *See Martins v. Wood,* 251 A.D.2d

465, 465, 675 N.Y.S.2d 544, 545 (2d Dep't 1998); *Feeney v. Licari,* 131 A.D.2d 539, 540, 516 N.Y.S.2d 265, 266 (2d Dep't 1987).

Accordingly, we affirm the district court's denial of Yoon's Rule 60(b) motion to vacate the judgment in favor of Fordham on his salary claim.

### 2. *The ERISA Claims*

In remanding this case for further proceedings related to Yoon's ERISA claims, this court instructed the district court to consider, in the first instance, whether Yoon remains a Fordham employee "entitled to salary status for pension purposes," even if he is precluded by *res judicata* from suing to recover that salary. *Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan,* 263 F.3d at 203. The district court resolved this question favorably to Yoon;[2] nevertheless, it awarded summary judgment to defendants, concluding that, as a matter of law, Yoon's ERISA claims lacked merit.

We review an award of summary judgment *de novo* and will not affirm unless the record, viewed in the light most favorable to the nonmovant, demonstrates no triable issue of material fact and the movant's entitlement to judgment as a matter of law. *See N.Y. State Teamsters Conf. Pension & Ret. Fund v. Express Servs.,* 426 F.3d 640, 645 (2d Cir.2005); *United States v. All Funds Distributed to Weiss,* 345 F.3d 49, 53–54 (2d Cir.2003). Further, when, as in this case, an ERISA claim is deemed denied because a plan administrator fails to rule on an appeal within a specified time, we review the challenged denial *de novo. See Nichols v. Prudential Ins. Co. of Am.,* 406 F.3d at 109. Applying these principles to this ·case, we conclude,

---

**2.** The district court ruled that *res judicata* did not bar plaintiff's ERISA contribution claims; as that ruling is not determinative of the court's decision, we do not express an opinion on its correctness.

as the district court did, that the defendants are entitled to summary judgment.

### a. *The ERISA Claims Against the Plan and Its Administrators*

Yoon sues (1) the Plan for unpaid pension contributions under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); and (2) Plan administrators for breach of fiduciary duties under ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), for their failure timely to provide plan documents as required by ERISA Section 104(b)(4), 29 U.S.C. § 1024(b)(4).[3]

■ Section 502(a)(1)(B) provides that a beneficiary may sue a plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). To recover from a plan under this section, a "participant must first qualify for the benefits provided in that plan." *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 142 (2d Cir.1999) (internal quotation marks omitted). The district court found that Yoon's claim failed on the merits because "[u]nder the Plan's provisions, no pension contributions are due when the beneficiary receives no salary." *Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan*, No. 99 Civ. 11042, 2004 WL 3019500, at *8, 2004 U.S. Dist. LEXIS 26070, at *50 (S.D.N.Y. Dec. 29, 2004). This finding is consistent with Yoon's express concession in the district court that "under the terms of the Plan, it is the payment of salary that triggers the duty to make pension contributions." Pl. Mem. of Law in Opp'n to Def.'s Mot. for Summ. J., Apr. 6, 2000, at

1. Accordingly, the district court properly granted summary judgment in favor of the Plan on Yoon's Section 502(a)(1)(B) claim.

■ Yoon sues Plan administrators Cipullo and Simio for sanctions pursuant to ERISA Section 502(c)(1)(B) for breach of their duty timely to provide him with requested Plan documents, as required by ERISA Section 104(b)(4), 29 U.S.C. § 1024(b)(4). A district court enjoys considerable discretion in deciding whether to award ERISA sanctions, and we review its decision only for abuse of that discretion. *See Demery v. Extebank Deferred Compensation Plan(B)*, 216 F.3d 283, 290 (2d Cir.2000). In this case we find no abuse in the district court's denial of sanctions. The record supports the district court's finding that Yoon received the documents to which he was entitled by law, as well as its conclusion that any delay in document production did not cause prejudice to Yoon. The lack of prejudice is a factor appropriately considered by a court in exercising its discretion against an award of sanctions. *See Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 90 (2d Cir.2001).

### b. *The ERISA Claims Against Fordham*

■ Yoon sues Fordham under ERISA Sections 501(a)(1)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(1)(b), 1132(a)(3). His Section 501(a)(1)(B) claim against Fordham is precluded by our holdings in *Crocco v. Xerox Corp.*, 137 F.3d 105 (2d Cir.1998), and *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195 (2d Cir.1989). In *Leonelli*, we ruled that "[i]n a recovery of benefits claim, only the plan and the administrators and trus-

---

**3.** Yoon also sued Plan administrator Cipullo pursuant to ERISA Section 502(a)(3) for breach of a fiduciary duty to require Fordham to continue making benefits contributions on Yoon's behalf. Because he presents no argu-ment in his brief challenging the district court's award of summary judgment on that claim, we do not address that ruling. *See Terry v. Ashcroft*, 336 F.3d 128, 135 n. 2 (2d Cir.2003).

tees of the plan in their capacity as such may be held liable." 887 F.2d at 1199. In *Crocco,* we held that this principle applied even if the employer is "a *de facto* co-administrator" of the plan. 137 F.3d at 107. Yoon attempts to avoid these holdings by arguing—without supporting authority[4]—that, because Fordham funded the Plan, he may enforce against Fordham any money judgment he secures against the Plan under ERISA Section 502(d)(2), 29 U.S.C. § 1132(d)(2). Because we affirm the award of summary judgment in favor of the Plan, the predicate for Yoon's 502(d)(2) argument disappears. In any event, because Yoon did not raise this argument below, or even cite Section 502(d)(2) in his complaint against Fordham, we are not inclined to entertain the issue for the first time on appeal. *See Nichols v. Prudential Ins. Co. of Am.,* 406 F.3d at 106.

Yoon's Section 502(a)(3) claims against Fordham fail because they are inherently legal rather than equitable in nature. *See Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 210–11, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002); *Gerosa v. Savasta & Co.,* 329 F.3d 317, 321 (2d Cir. 2003). As the district court aptly observed, Yoon's "prayer for declaratory relief is merely a prelude to a claim for damages." *Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan,* 2004 WL 3019500, at *8, 2004 U.S. Dist. LEXIS 26070, at *44. The same is true of his request that the court order Fordham to make past-due contributions to his pension plan, essentially for the reasons stated by the district court. *See id.* 2004 WL 3019500, at *8, 2004 U.S. Dist. LEXIS 26070, at *34–39.

Because we affirm the district court's holding that plaintiff's ERISA claims lack merit, plaintiff's argument that *res judicata* does not bar his claims for unpaid pension contributions arising before the commencement of his state action is moot.

Accordingly, the January 4, 2005 judgment of the district court in favor of the defendants is AFFIRMED.

---

**4.** *Chapman v. ChoiceCare,* 288 F.3d 506, 510 (2d Cir.2002), available online only as amended at 2005 WL 3556194, at *3, 2002 U.S.App. LEXIS 24460, at *6–7, is inapposite because it considered only whether an unfunded plan could be removed as a defendant, not whether the party funding the plan was a proper defendant.