**Rachel H. COHEN, Plaintiff–Appellee–Cross–Appellant,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Defendant–Appellant–Cross–Appellee,**

**Blue Sky Studios, Inc., Defendant.**

Nos. 07–2071–cv(L), 07–2286–cv(XAP), 07–2290–cv(CON), 07–5710–cv(CON), 08–2334–cv(CON).

United States Court of Appeals, Second Circuit.

June 9, 2009.

Elizabeth Koob, Koob & Magoolaghan, Yonkers, N.Y., for Plaintiff–Appellee–Cross–Appellant.

Michelle McAloon Constandse, Irvine, Cal., (Allan M. Marcus, Lester Schwab Katz & Dwyer, LLP, New York, N.Y., on the briefs), for Defendant–Appellant–Cross–Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant–Cross–Appellee Metropolitan Life Insurance Company ("MetLife") appeals several decisions of the United States District Court for the Southern District of New York (Laura Taylor Swain, *J.*), which, *inter alia,* found that MetLife's decision to deny Plaintiff–Appellee–Cross–Appellant Rachel Cohen's application for long term disability ("LTD") benefits based on an alleged "Pre–Existing Condition" was arbitrary and capricious. In this action, brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), the District Court granted summary judgment for Cohen on the issue of whether she had a "Pre–Existing Condition" and remanded the case to MetLife to determine whether, under the remaining terms of Cohen's insurance policy, she would be entitled to benefits.

On appeal, MetLife contends (1) that the District Court erred in finding that Met-Life's denial of Cohen's claim for LTD benefits was arbitrary and capricious, (2) that the District Court abused its discretion in granting Cohen's request for attorneys' fees, (3) that the District Court improperly held MetLife in contempt in its April 22, 2008 order, 2008 WL 1826484, and (4) that the District Court erred in denying MetLife's motion, pursuant to Rule 62(d), to file a supersedeas bond, which would stay payment of the benefits and of attorneys' fees. On cross-appeal, Cohen argues that the District Court erred in failing to consider evidence that MetLife was acting under a conflict of interest. Moreover, Cohen contends that this Court does not have jurisdiction to hear this appeal because there has not yet been a "final order." We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues on appeal.

For the purposes of this appeal—mindful that the question is one of statutory rather than constitutional jurisdiction—we assume hypothetical jurisdiction over these claims as we did in *Crocco v. Xerox Corp.,* 137 F.3d 105, 108–09 (2d Cir.1998) (reasoning that hypothetical jurisdiction was appropriate in a case which presented a similar question regarding jurisdiction over orders to remand cases to ERISA plan administrators).

MetLife first contends that the District Court erred in granting Cohen summary judgment on the issue of whether she had a "Pre–Existing Condition" that precluded coverage under the insurance policy. This Court reviews "*de novo* a district court's decision granting summary judgment in an ERISA action based on the administrative record and appl[ies] the same legal standard as the district court." *McCauley v. First Unum Life Ins. Co.,* 551 F.3d 126, 130 (2d Cir.2008). We affirm only when no genuine issue of material fact exists, and the movant is entitled to

judgment as a matter of law. Fed. R.Civ.P. 56(c). Since the terms of the insurance policy grant MetLife discretionary authority to interpret the plan, the standard governing the District Court's review, and accordingly our review here, is whether MetLife's decision was arbitrary and capricious. *Miller v. United Welfare Fund,* 72 F.3d 1066, 1070 (2d Cir.1995). Under this deferential standard of review, the Court will not overturn MetLife's denial of benefits unless the decision is found to be "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id.* (internal quotation marks omitted).

Cohen correctly argues, however, that in evaluating whether MetLife's decision was arbitrary and capricious, the Court should take into account whether the plan administrator operated under a conflict of interest. As in many cases, MetLife faced a conflict of interest here because it acted both as a fiduciary to Cohen and administrator (i.e., payor) of the policy. Therefore, while MetLife had a fiduciary duty to evaluate Cohen's claim fairly, it also had a financial incentive to deny that claim. Cohen contends, moreover, that the conflict of interest was particularly salient here because of MetLife's Best Practices Pilot Project, the details of which we have considered under seal. Following the Supreme Court's instructions in *Metropolitan Life Insurance Company v. Glenn,* —— U.S. ——, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008), we weigh this conflict of interest "as a factor in determining whether" MetLife acted arbitrarily. *Id.* at 2346.

We find that the District Court did not err in granting Cohen summary judgment as MetLife's conclusion that Cohen suffered from a "Pre–Existing Condition" was arbitrary and capricious. MetLife's deter-mination that Cohen had a "Pre–Existing Condition" was premised on its finding that during the exclusionary period, "Cohen sought medical advice or treatment for several of the symptoms which she states caused her to be unable to work." Although there is overlap between the symptoms for which Cohen received treatment during the exclusionary period and the symptoms of the Chronic Fatigue Syndrome that made her unable to work, these are relatively common symptoms, and are attributable to many different underlying conditions. Significantly, MetLife failed to have a physician review Cohen's file to determine whether the symptoms Cohen described as part of her Chronic Fatigue Syndrome derived from the same underlying ailment for which she received treatment during the exclusionary period. There is, moreover, significant evidence in the record from treating physicians suggesting that the earlier symptoms were not attributable to Chronic Fatigue Syndrome. Factoring in MetLife's conflict of interest, we cannot fault the District Court for finding that MetLife's determination was arbitrary and capricious.[1]

Next, MetLife contends that the District Court abused its discretion in awarding Cohen attorneys' fees and litigation costs. In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In determining whether to award attorneys' fees in an ERISA case, courts should consider:

(1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circum-

---

1. Because, based on these grounds, we conclude that MetLife's determination that Cohen had a "Pre–Existing Condition" was arbitrary and capricious, we need not determine whether she was also denied a "full and fair" review of her claims.

stances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants. *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987). The District Court, after weighing these five factors, acted well within its authority in awarding attorneys' fees and costs.

■ Lastly, MetLife asserts that the District Court improperly held it in contempt for failing to pay Cohen LTD benefits. By order dated April 22, 2008, the District Court held MetLife in contempt for willfully violating its April 10, 2007, 485 F.Supp.2d 339, order remanding Cohen's claim to MetLife "for a determination as to whether Plaintiff is Disabled within the meaning of the Blue Sky Plan and, if she is Disabled, for an award of benefits."

We review a lower court's finding of contempt for abuse of discretion, noting that this review is more "rigorous" than most abuse of discretion reviews. *EEOC v. Local 638*, 81 F.3d 1162, 1171 (2d Cir. 1996). Civil contempt may be imposed for failure to comply with an order of the court if that order is clear and unambiguous, the proof of noncompliance is manifest and convincing, and the respondent has not been reasonably diligent in attempting to comply with the order. *Id.* As we have previously recognized, a civil contempt order is a "potent weapon to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (internal quotation marks and citations omitted).

In this case, MetLife diligently attempted to comply with the District Court's April 10, 2007 order by moving to post a supersedeas bond rather than pay Cohen LTD benefits pending appeal. Rule 62(d) provides that an appellant may obtain a stay pending appeal, as of right, by posting a supersedeas bond. Fed.R.Civ.P. 62(d); *FDIC v. Ann–High Assocs.*, No. 97–6095, 1997 WL 1877195, at *1 (2d Cir.1997) (per curiam). The purpose of the rule, which applies to any appealable order requiring payment, is to ensure "that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir.1997) (internal quotation marks omitted). By moving to post a supersedeas bond, Met-Life diligently attempted to comply with the District Court's April 10, 2007 order while preserving its rights on appeal. This conduct was not wrongful. Therefore, we find that the District Court abused its discretion in holding MetLife in contempt, and the April 22, 2008 contempt order is reversed.[2]

We have considered all of MetLife's other claims, and we find them to be without merit. Accordingly, the judgment of the District Court is REVERSED in part and otherwise AFFIRMED.

---

**2.** In view of our holding, the issue of whether the District Court initially should have grant- ed MetLife's Rule 62(d) motion is now moot.