Thomas v. Bank of America

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand fourteen.

PRESENT:   ROBERT A. KATZMAN,
                            *Chief Judge,*
               ROBERT D. SACK,
               GERARD E. LYNCH,
                            *Circuit Judges.*
_____

RAYMOND THOMAS,
               *Plaintiff-Appellee,*

          v.                                        No.   13-442

BANK OF AMERICA as successor to
COUNTRYWIDE FINANCIAL CORPORATION,
               *Defendant-Appellant,*

CIGNA GROUP INSURANCE,
               *Defendant.*

_____

APPEARING FOR APPELLANT:          GINA D. WODARSKI (Jonathan R. Shank, *on the brief*), Edwards Wildman Palmer LLP, Boston, MA.<sup>*</sup>

---

<sup>*</sup> Appellee did not appear or file a brief.

Appeal from the United States District Court for the Eastern District of New York (Sandra L. Townes, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this appeal is DISMISSED.

Plaintiff-appellee Raymond Thomas is the beneficiary of two life insurance policies that his late sister, Judith Thomas, obtained through an insurance plan (the "Plan") offered by her former employer Countrywide Financial Corporation ("Countrywide"), now a wholly-owned subsidiary of defendant-appellant Bank of America Corporation ("Bank of America"). The Plan is an employee welfare benefit plan under Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). When Judith's death benefits were denied, Raymond sued the Plan Administrator, Life Insurance Company of North America ("LINA"), LINA's parent company Cigna Group Insurance ("Cigna"), and Bank of America under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), which permits a plan participant or beneficiary to bring an action "to recover benefits due to him under the terms of his plan."

The district court issued a memorandum and order on January 10, 2013 (the "Order") that, as relevant to this appeal: (1) ruled that Bank of America, in addition to LINA, was a Plan Administrator; and (2) concluded that LINA's denial of benefits was arbitrary and capricious; and (3) remanded the matter to LINA with instructions to consider additional evidence regarding Judith's eligibility. See Thomas v. Cigna Grp. Ins., No. 1:09-cv-05029, Doc. No. 98, at 28, 43 (E.D.N.Y. Jan. 10, 2013).

Bank of America appeals the district court's ruling that it was a Plan Administrator. It notes that the Plan defines the term "Plan Administrator" to mean

2

Countrywide "*or such . . . entity . . . that may be appointed by [Countrywide] . . . to administer the Plan*," and that very next sentence of the definition – ignored by the district court in its analysis of the issue – states that Countrywide "has appointed the Administrative Committee for Employee Benefit Plans to administer the Plan."  App. at 80 (emphasis added).  The Committee in turn delegated to LINA its authority to administer the Plan upon purchasing the Policies.  Bank of America directs the Court to Crocco v. Xerox Corp., which held that "if a plan specifically designates a plan administrator, then that individual or entity is *the* plan administrator for purposes of ERISA."  137 F.3d 105, 107 (2d Cir. 1998) (emphasis in original).  Lastly, Bank of America expresses concern that, were proceedings to continue under a new action, the Order would be "effectively unreviewable" on a later appeal.  Appellant's Br. at 15, n.8.

When Bank of America filed its appeal, this Court had yet to determine whether, or under what circumstances, a district court's remand to an ERISA plan administrator is immediately appealable.  We have subsequently addressed this issue in Mead v. Reliastar Life Ins. Co., No. 11-192-cv, 2014 WL 4548868 (2d Cir. Sept. 16, 2014).  While declining to adopt "a hard-and-fast rule," Mead held that "because an ERISA remand order contemplates further proceedings before the plan administrator, it is not 'final' and therefore may not be immediately appealed except when the familiar collateral order doctrine applies."  Id. at *3, 5.  Mead further held that "to preserve an ERISA plan administrator's ability to obtain appellate review of a nonfinal remand order, we generally will interpret a district court's remand order as having retained jurisdiction over the case

3

such that, after a determination by the plan administrator on remand, either party may seek to reopen the district court proceeding and obtain a final judgment." Id. at *5.

Under this framework, the district court's Order is not an immediately appealable final order. As in Mead, the Order remanded to the Plan Administrator for further factfinding and a new eligibility determination and therefore did not "resolve conclusively the issues of liability and damages." Id. at *8. Moreover, there is no question that the district court has retained jurisdiction over this case, as it has since received under the same docket number competing motions for summary judgment based on LINA's denial of benefits on remand. See Thomas v. Cigna Grp. Ins., No. 1:09-cv-05029, Doc. Nos. 130, 136.

Bank of America contends, however, that the portion of the order holding that it is a Plan Administrator is reviewable under the collateral order doctrine. An order is appealable under the collateral order doctrine "if it (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment." Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 105 (2009) (internal quotation marks omitted). Bank of America's appeal fails to satisfy at least the third requirement, because the district court's ruling will unquestionably be reviewable on appeal from a final judgment. As the district court's remand was not a final order and proceedings have continued under the same docket number, there is no longer any concern that the Order might be treated as a final judgment barring Bank of America from appealing any

4

subsequent order by res judicata without an opportunity for appeal. Review of nonfinal orders under the collateral order doctrine is intended to be "narrow and selective," id. at 113 (internal quotation marks omitted), and there is no compelling reason to grant such review here.

Because the Order was not an immediately appealable final order and review under the collateral order doctrine is inappropriate, we DISMISS this appeal for lack of jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court